## 52353. BELL v. BREWTON.

WEBB, Judge.

Melvin Brewton filed suit against Althea Bell in December, 1964, alleging that she was operating an automobile which collided with his, thereby causing damage to his person and property, for which he sought recovery. Althea Bell denied that she was operating the automobile, asserting that she was a passenger at the time of the collision, and filed a cross action for injuries alleged to have resulted from Brewton's negligent driving. The trial was twice continued on Brewton's request for stay under provisions of the Soldiers and Sailors Civil Relief Act, and in June, 1975, Frances Ann Catterton was substituted as plaintiff in her capacity as administratrix of the estate of Melvin Brewton, who had died a year earlier. A jury trial was held the following

September. Recovery was sought by the plaintiff in the amount of $6,055.65, a verdict was returned for that amount and Mrs. Bell appeals.

1. The trial court did not err in overruling Mrs. Bell's motion for a new trial, or in the alternative for judgment n.o.v., because the verdict was contrary to the evidence. For the trial court to grant a motion for judgment notwithstanding the verdict the evidence must demand the judgment directed. *Crosby Aeromarine, Inc. v. Hyde,* 115 Ga. App. 836, 838 (156 SE2d 106). " 'Where the trial judge approves the verdict, the sole question for determination is whether there is any evidence sufficient to authorize it. [Cits.] It is our duty to construe the evidence to uphold the verdict instead of upsetting it. [Cit.]' *Hieber v. Watt,* 119 Ga. App. 5, 9 (165 SE2d 899)." *Bailey v. Todd,* 126 Ga. App. 731 (191 SE2d 547). The evidence here, though conflicting in some aspects, was sufficient to support the verdict.

2. Mrs. Bell complains of the trial court's failure to charge emergency " as it applies to [her] vehicle." However, nowhere does it appear that such charge was requested, or that any party was aware of an emergency situation. Thus there was no realization of peril or crisis to give rise to the doctrine of emergency. *Stripling v. Calhoun,* 98 Ga. App. 354, 356 (1) (105 SE2d 923); cf., *Ware v. Alston,* 112 Ga. App. 627 (1) (145 SE2d 721).

3. Admission of a copy of a police report was not error. The document was authenticated, the original was accounted for[1] and it was thus properly introduced in evidence. See *Pitman v. Dixie Ornamental Iron Co.,* 122 Ga. App. 404 (177 SE2d 167). All other objections now raised should have been made at the time it was offered and admitted.

4. Mrs. Bell's arguments that Officer Ward was not qualified to give expert opinion are without merit. Even

---

[1]The police officer testified that prior to 1967 all reports were destroyed; that he had searched for the original but was unable to find it; and that he knew the exhibit was a copy of the original because it was in his handwriting and bore his signature.

assuming that his testimony reconstructing the accident and the position of the vehicles was opinion evidence, or that his qualifications were weak, this "could affect the credibility of his testimony but not its admissibility." *Fried v. Richard,* 119 Ga. App. 667 (168 SE2d 339); *Massee v. State Farm Mut. Auto. Ins. Co.,* 128 Ga. App. 439 (197 SE2d 459).

5. Mrs. Bell's enumeration in regard to her motion for mistrial presents no error for correction since the motion was never ruled upon. Nor were her allegations that an insurance agent was seen conferring many times with the attorney representing its interest, and that he had several conversations with the jury, cited to or supported by the record or transcript. The transcript does reveal, however, that the judge carefully questioned the jurors when the point was raised and correctly concluded that nothing had occurred which would have the effect of influencing the jury in the discharge of its duty. Thus there were no grounds for mistrial.

*Judgment affirmed. Deen, P. J., and Quillian, J., concur.*

ARGUED JULY 14, 1976 — DECIDED SEPTEMBER 7, 1976.

*Henson, Stapleton & Cheves, Kenneth M. Henson, Cecil M. Cheves,* for appellant.

*Page, Scrantom, Harris, McGlamry & Chapman, W. G. Scrantom, Jr., Joan Swift, L. B. Kent,* for appellee.

