## 32274. FROST v. WILLIAMSON.

BOWLES, Justice.

This appeal is from a jury verdict awarding the appellee title to a .333-acre parcel of land in Toombs County, Georgia.

Appellee and Raymond Palmer purchased a 793.4 acre tract of land on May 2, 1952, and subsequently divided the land among themselves according to a plat of survey prepared by D. J. Stanley, Surveyor, and dated April 11, 1944, hereinafter referred to as the "Stanley Plat." The plat divided the 793.4 acre tract of land into two separate tracts, i. e. a western tract which contained 565 acres, and an eastern tract containing 228.4 acres. The two tracts were divided by a fence running north and south. This fence line is shown on the "Stanley Plat" as a dotted line. In the division the appellee acquired title to the 565-acre tract of land west of the established fence line and Palmer acquired title to the 228.4-acre tract east of the fence line.

Thereafter, Palmer, by deed dated February 1, 1955, conveyed the eastern portion containing 228.4 acres to the appellant, Kermit Frost. The deed to appellant described the property as being 228.4 acres bounded on the west by the land of Herman Williamson, and more particularly described by a survey dated the 11th day of April, 1944, made by D. J. Stanley, Surveyor.

The dispute which is the subject matter of this present lawsuit arose in 1972 after appellee had cleared the disputed .333 acres of land for farming. The appellee alleged that the appellant had come onto the land and claimed it as his own, taking possession by force from the appellee. Appellee sought damages, and in his complaint alleged that the appellant committed trespass by farming on the land in 1972. He also contended that he held title to the disputed .333 acres of land by deed and by virtue of adverse possession. Both parties relied upon the 1944 "Stanley Plat" as showing the boundary of their properties.

Upon a trial of the issues, a jury verdict was returned in favor of the appellee, awarding him the .333 acre parcel of land, but not awarding any damages. From this jury

verdict and judgment, appellant filed this appeal.

We affirm.

The appellant contends that the verdict and judgment entered thereon is without evidence to support it and should therefore be reversed. We disagree.

In its charge to the jury the court stated that "for Mr. Williamson to prevail, you must believe by a preponderance of the evidence that the fence line is as Mr. Williamson claims, that is, that the dotted line on the Stanley Plat is the same as the fence line... For Mr. Frost to prevail, you must believe to a preponderance of the evidence that the fence line to the east, that is the dotted line (on the "Stanley Plat"), is not as represented ... but that the fence between Frost and Williamson was not the boundary line on the disputed area between Frost and Williamson but that the true boundary was dependent upon the courses and distances."

In all cases of disputed land lines, the following rule set forth in Code Ann. § 85-1601 shall be respected and followed: "Natural landmarks, being less liable to change, and not capable of counterfeit, shall be the most conclusive evidence; ancient or genuine landmarks, such as corner station or marked trees, shall control the courses and distances called for by the survey . . . courses and distances shall be resorted to in the absence of higher evidence." In determining what is an ancient landmark Code Ann. § 85-1602 states that "General reputation in the neighborhood shall be evidence as to ancient landmarks of more than 30 years' standing."

During trial, the appellee testified that when he and Palmer purchased the property a fence divided the tract of land. He further testified that the established dividing line fence had been pulled up but had subsequently been put back down in the same place in 1954. He testified that the same fence is present on the land today. Two owners of adjoining property to the original tract of land testified that the fence had been there for as far back as they could remember, at least 50 years. Appellant's predecessor in title, Palmer, testified by deposition, that that fence was the dividing line between the property and that when he conveyed to the appellant he never intended to sell any property west of the fence line. The official Toombs

County Surveyor testified that he had made a plat of the disputed area and that the present fence that divided the two tracts of land was in the same position as was the fence which stood when the "Stanley Plat" was made in 1944.

In light of the evidence the jury was authorized to find for the appellee. "Disputed lines between adverse claimants of land, and question of where old fences stood in the past, and how long they stood in certain localities, are peculiarly questions of fact for the jury. *Shiels v. Lamar,* 58 Ga. 591. In the determination of the boundary between two tracts of land the jury are not obliged to govern their findings by recent surveys rather than by evidence of an old rail fence recognized by the former owners as the boundary line. *Roberts v. Ivey,* 63 Ga. 622. The correct location of the boundary line in this case was a question of fact for the jury, and its verdict was amply supported by the evidence." *Dye v. Dotson,* 201 Ga. 1 (39 SE2d 8) (1946). Where there is any evidence to support the jury verdict it will not be disturbed on appeal. *Reagan v. Reagan,* 221 Ga. 656 (1) (146 SE2d 906) (1966); *Aldridge v. Whaley,* 218 Ga. 611 (2) (130 SE2d 124) (1963); *Adler v. Adler,* 207 Ga. 394, 405 (61 SE2d 824) (1950).

*Judgment affirmed. All the Justices concur.*

SUBMITTED MAY 10, 1977 — DECIDED JUNE 20, 1977.

*Albert E. Butler,* for appellant.
*William E. Callaway,* for appellee.