## 66905. BARLOW v. VEBER.

BIRDSONG, Judge.

Personal Injury. The facts in this case reflect that several members of the Barlow family were proceeding from their home to a fish fry. In the father's pick-up truck, a rear wheel became defective (by losing lug bolts and nuts). The pick-up truck was pulled off for repairs to the side of the road, apparently at least partially still on one lane of the two-lane road. The car in which Philip Barlow was riding was ahead of the vehicle in which his father was riding. When the lead vehicle became aware that the pick-up was no longer following, the lead car turned around to determine the problem. The car in which Philip was riding soon located the pick-up and pulled up directly behind the truck and parked. The driver (another Barlow) left the lights on to illuminate the repair efforts on the truck. Philip and another remained in the back seat of the car while the others dismounted in order to render repair assistance. Philip's car likewise was at least partially on the pavement.

At about the same time, a car occupied by Kreg Veber and four other youths rounded a curve on a decline leading to the "T" intersection at which the pick-up and second car were stopped, in the same lane in which Veber was proceeding. Though the evidence was in dispute, the jury could believe under the evidence that the Veber car was proceeding at 50 mph or less in a 55 mile zone. There was evidence that the two stopped vehicles would not have been seen by another driver rounding the curve until approximately within 250-300 feet. Veber testified (as did other passengers in the Veber vehicle) that red lights were observed in the highway ahead but Veber initially thought the vehicles were moving. As soon as he realized the vehicles were not moving, he applied brakes. In spite of a skid in excess of 90 feet, the Veber vehicle crashed into the back of the stopped vehicle occupied by Philip Barlow causing him to be thrown violently about within the car and resulting in his personal in-jury.

Evidence was submitted that there was room perhaps on either

the left or right side of the Barlow vehicle into which Veber could have maneuvered his car to avoid the collision. On the other hand, an expert testified that once Veber realized the imminence of a collision and "locked down" his brakes, for all reasonable purposes, the Veber vehicle was not completely under control of its operator. Likewise there was evidence that Veber had consumed some beer prior to the accident and was intermittently looking at a female passenger to his right. Other evidence contraindicated that Veber was under the influence of any intoxicants or that he was not fully aware of the danger as soon as it was capable of observation.

The jury was fully informed of the applicable principles of law and returned a verdict for the defendant — appellee Veber. Philip Barlow brings this appeal enumerating four alleged errors. *Held:*

1. In his first enumeration of error, Barlow complains that the trial court erred in giving a charge on the doctrine of sudden emergency, urging that the evidence did not give rise to such a defense.

We disagree. Though there was evidence which, if believed by the jury, would have supported a finding that Veber was never confronted with an emergency situation but was merely inattentive, there also was evidence that he was looking down the highway as he rounded the descending curve and saw what he believed to be one or more cars proceeding down the road in front of him. When he realized this was not the situation, he immediately applied what would be an acceptable and customary solution, namely trying to brake the car's forward speed as quickly as possible.

The rule of sudden emergency is that one who in a sudden emergency acts according to his best judgment, or who because of want of time in which to form a judgment, acts in the most apparently judicious manner, is not chargeable with negligence. *Bryant v. Ga. R. &c. Co.,* 162 Ga. 511, 517 (134 SE 319); *Ware v. Alston,* 112 Ga. App. 627, 629 (145 SE2d 721). The doctrine of emergency refers to those acts which occur immediately following the apprehension of the danger or crisis and before there is time for careful consideration or reflection. *Stripling v. Calhoun,* 98 Ga. App. 354, 357 (105 SE2d 923). This requires that the person confronted by the emergency have the opportunity to exercise one of several reasonable alternative courses of action. In the absence of such factors, there can be no conduct to which to apply the standard and the doctrine is inapplicable. *Ford v. Pinckney,* 138 Ga. App. 714, 716-717 (227 SE2d 430). When viewed in the context of the facts and applicable law, we conclude there is more than slight evidence of a sudden emergency which presented Veber the choice of trying to avoid the impending accident by going left or right or stopping. This clearly justified and made applicable the

charge. See *Heard v. State,* 149 Ga. App. 92, 93 (253 SE2d 454); *East Side Auto Parts v. Wilson,* 146 Ga. App. 753 (2) (247 SE2d 571). There was no error in the giving of the charge on sudden emergency.

2. In his second enumeration of error, Barlow urges that the court erred in failing to give a requested charge on the legal principle that it is the duty of a driver to keep a proper lookout for vehicles in front of him.

In its charge the trial court charged: "Each driver, both leading ... and following vehicles, are [sic] required by law to exercise ordinary care in the situation in which he finds himself. . . . The driver of a following vehicle . . . must exercise ordinary care to avoid a collision with the vehicle in front of him. . . ."

It was the contention of the plaintiff Barlow that the accident was caused by excessive speed, by the alcohol that Veber had consumed, and because Veber was inattentively driving. The requested charge singled out only the question of inattentiveness. The actual charge of the court was more comprehensive than that requested but of necessity included the requirement that the following car driver is required to keep a lookout for vehicles in front. Additionally the charge included the other allegations of negligence.

A requested charge needs to be given only where it embraces a correct and complete principle of law adjusted to the facts and which is not otherwise included in the general instructions given. Where the charge is somewhat argumentative and not fully adjusted to the facts of the case, it is not error to refuse to give such a requested charge. *SCM Corp. v. Thermo Structural Products,* 153 Ga. App. 372, 379 (265 SE2d 598). See also *Ferry v. State,* 161 Ga. App. 795, 800 (6) (287 SE2d 732). Lastly, though not given in the exact language requested, the charge given substantially covered the same principle. Thus there was no error in this portion of the court's charge. *Atlanta &c. R. Co. v. Armstrong,* 138 Ga. App. 577, 581 (227 SE2d 71). We find no error in the court's denial of the requested charge.

3. Barlow argues in his third enumeration that the verdict and judgment are contrary to law. We will not speculate as to what evidence the jury chose to believe or disbelieve; on appeal, this court is bound to construe the evidence with every inference and presumption being in favor of upholding the jury's verdict. *Frost v. Williamson,* 239 Ga. 266, 268 (236 SE2d 615); *Bell v. Brewton,* 139 Ga. App. 463, 464 (228 SE2d 600). It is the function of the jury, not the appellate courts, to determine the credibility of witnesses and weigh any conflicts in the evidence. Our responsibility on appeal is not to weigh the evidence and give a de novo opinion on where the greater weight of the evidence lies, but merely to determine if there is sufficient evidence to authorize the verdict and judgment. *Hallford v.*

*Banks,* 236 Ga. 472 (224 SE2d 35). We are firmly convinced that the evidence in this case meets that burden. This enumeration of error lacks substantive merit.

4. In his last enumeration of error, Barlow urges error in the denial of his motion for new trial. The issues presented in the motion for new trial were in substance the same as herein considered. For the reasons set forth herein, we find no error in the denial of the motion for new trial.

*Judgment affirmed. Shulman, C. J., and McMurray, P. J., concur.*

DECIDED NOVEMBER 28, 1983.

*L. Z. Dozier, Jr.,* for appellant.
*Robert S. Slocumb,* for appellee.