## 67265. LOCKARD et al. v. DAVIS.

BIRDSONG, Judge.

Trespass — Permissive Use. In 1923 one Frank Arnold acquired a house and lot in Newnan. In 1926 he sold half of the lot to his father-in-law, who in turn built a house on that lot. Arnold owned a garage at the rear of the original lot. In order to accommodate both himself and his father-in-law, Arnold moved the garage to a point to the rear and between the two lots, with a drive running from the street to the garage. This drive was built partially upon both lots but with a greater portion upon the father's-in-law (Moncrief). In 1936, Moncrief sold the lot and house he owned to Davis. Davis and Arnold continued jointly to use and occupy the drive and garage. In about 1954, the garage was torn down and a parking pad was constructed with the cost being borne by both Arnold and Davis.

In 1969, Arnold sold his lot and house to Mr. and Mrs. Lockard. The Lockards and Davis continued to use the drive up to the rear of the two houses. Though the evidence was in dispute, the jury was warranted in believing that from 1969 until 1982 the Lockards drove up to the rear of their house and either parked in their portion of the common drive or at the rear of their house. On occasion, the Lockards would have need or desire to park on the parking pad. During the 13-year period from 1969 until 1982, The Lockards would ask permission from Davis to use the parking pad to the rear of the lots (most of which lay on Davis' land). On each occasion, when asked, Davis would grant permission.

Around 1982, the Lockards had their backyard landscaped and thereafter could not or did not continue to park in their backyard. At about that time, the Lockards informed Davis that they had an easement not only for the drive (an admitted fact) but also that they had through Arnold, their predecessor in title, an easement and unrestricted right to use the parking pad. Davis sued the Lockards. The trial court submitted the issues of easements, permissive use and abandonment to the jury. The jury returned a verdict in favor of Davis for nominal damages ($1) and punitive damages in the amount of $800. The Lockards bring this appeal urging three enumerations of error. *Held:*

1. In their first enumeration of error, the Lockards argue that the trial court erred in denying their motion for new trial on general grounds. As we view the evidence, there was substantial evidence that a joint or common easement was established, accepted and used in the entire drive and the garage by the original owners Arnold and Moncrief. When Moncrief sold his interest to Davis, that easement

continued in full and accepted use by both Arnold and Davis. However, there is evidence that after Arnold sold his property to the Lockards, the use of the easement by the Lockards was limited to the drive up to the back of the Lockards' house and did not extend to the unquestioned use of the rear of the drive to include the parking pad. The jury could have believed on the basis of the evidence submitted that after 1969 the Lockards used the parking pad only with the permission and consent of Davis. Thus for a period of thirteen years (1969-1982), the parties apparently acted upon the premise that Davis owned and controlled the rear of the drive and the parking pad.

The trial court charged without objection that an easement can be abolished by prescription, and this within seven years if the holder of the easement is notified or believes that another has an adverse interest which continues for at least seven years. Under these facts and law, Davis for a period of thirteen years was asked by the Lockards for permission to use the parking pad. The seeking of permission would authorize a jury to conclude that the Lockards accepted Davis' sole proprietary control and the giving of permission by Davis an indication of the exercise of ownership rights. Even though the jury could have concluded that the Lockards originally believed they had an easement for the entire length of the drive, including the parking pad, the jury also could have concluded that because for a period in excess of seven years as to this private way the Lockards had not asserted any proprietary interest in the pad whereas Davis had acted as a sole and adverse owner, that the Lockards had abandoned any proprietary interest held in the rear part of the drive and the parking pad. *S. A. Lynch Corp. v. Stone,* 211 Ga. 516, 524 (87 SE2d 57).

In passing on the general grounds offered in a motion for new trial, this court passes not on the weight but the sufficiency of the evidence. It is our duty to determine whether the verdict as rendered can be sustained under any reasonable view taken of the proofs submitted to the jury. *Bray v. Porterfield & Brown,* 29 Ga. App. 135 (114 SE 86). See also *Harris v. State,* 236 Ga. 766, 767 (225 SE2d 263). There being some evidence to support the jury's verdict, we conclude the trial court did not err in denying the motion for new trial.

2. Appellants also argue that the trial court erred in charging on the theory of abandonment and sustaining the jury's verdict on that basis. However, the verdict necessarily was based upon abandonment of the disputed easement and the consequent permissive use of the parking pad by the Lockards. We have examined the charge of the jury and conclude that the court's charge on abandonment was complete, responsive to the evidence, and not misleading.

It is a well established rule that an instruction is not inapplicable where there is any evidence, however slight, on which to predicate it. *Camp v. Phillips,* 42 Ga. 289. It is not even necessary there should be direct evidence going to that point; it is enough if there be something from which a legitimate process of reasoning can be carried on in respect to it. *East Side Auto Parts v. Wilson,* 146 Ga. App. 753 (2) (247 SE2d 571). We find no error in the denial of the motion for new trial insofar as it might have been based upon an abandonment of part of the Lockards' easement nor in the sufficiency or correctness of the court's charge on abandonment.

*Judgment affirmed. Shulman, C. J., and McMurray, P. J., concur.*

DECIDED DECEMBER 5, 1983.

*Charles Van S. Mottola,* for appellants.
*Steven E. Fanning, Ike A. Hudson,* for appellee.