76413. WEATHERS et al. v. FOOTE & DAVIES TRANSPORT COMPANY et al.

(375 SE2d 97)

McMURRAY, Presiding Judge.

This is a wrongful death case. Plaintiffs are the surviving children and executor of Arah Weathers who died from injuries received when she was struck by a tractor-trailer. The vehicle was operated by defendant Norton, an employee of defendant Foote & Davies Transport Company, which was insured by defendant Liberty Mutual Insurance Company. Plaintiffs alleged that defendant Norton's negligence in the operation of the tractor-trailer was the proximate cause of the death of Arah Weathers. Plaintiffs appeal following a jury verdict in favor of defendants. *Held*:

1. Plaintiffs enumerate as error the denial of their motion for new trial on the general grounds. The uncontroverted evidence shows that defendant Norton stopped his tractor-trailer at the T-shaped intersection of a private driveway and a public street, awaiting an opening in traffic which would permit him to make a right turn. The decedent and two companions were pedestrians who approached the intersection from the right of defendant Norton along a sidewalk. As defendant Norton waited at the intersection he was westbound, about to turn north. The pedestrians were traveling southward on the east side of the public street.

Defendant Norton looked to the right as he approached the intersection, and saw nothing. For the approximately three minutes that he waited at the intersection defendant Norton looked to the left and didn't look again to the right until he did so as he started forward out

of the driveway. Contemporaneously decedent, preceded by her companions, was attempting to pass in front of defendant Norton's tractor. Defendant Norton did not see decedent or her companions prior to the time his tractor struck decedent apparently due to a blind spot immediately in front of and to the right side of the tractor cab.

Plaintiff relied upon further evidence that defendant Norton had stopped at a point such that decedent and her companions had ample room to cross in front of the tractor-trailer from sidewalk to sidewalk, through the unmarked crosswalk. One of decedent's companions testified that defendant Norton had waved his hand to them indicating for them to go on across. Plaintiffs contend that the evidence shows that their decedent was struck as she proceeded through the unmarked crosswalk.

Defendant Norton testified that due to the nature of the intersection it was necessary to pull up close to the street in order to see approaching traffic. The tractor-trailer was therefore pulled all the way up to and partially into the street blocking the unmarked crosswalk. One of decedent's companions testified that they passed so close by the front of the tractor that she could have touched the grille. Defendants also argue that evidence of conversations between decedent and her companions suggesting a need for haste in crossing in front of the tractor, showed a recognition of the hazard posed by the motor vehicle. Defendants contend that decedent and her companions while attempting to cross in front of the tractor-trailer were not in the unmarked crosswalk but were out in the street and passed so closely to the tractor as to be in the readily apparent blind spot immediately in front of the tractor.

"This court will not disturb a judgment when there is any evidence to sustain it, in the absence of a material error of law. *Menendez v. Ellis*, 149 Ga. App. 684 (255 SE2d 70). If the verdict is wholly without supporting evidence, it will be set aside, but where the evidence is in conflict and a properly instructed jury resolves the conflicts against the plaintiff, and that decision is approved by the trial judge and is supported by the evidence of record, this court, in the absence of material errors of law, will affirm. *Scott v. Scott*, 243 Ga. 472, 473 (254 SE2d 852). The trial court did not err in denying plaintiff's motion for new trial." *Hester v. Baker*, 180 Ga. App. 627, 631 (6) (349 SE2d 834). See also *Spivey v. Vaughn*, 182 Ga. App. 91, 92, 93 (354 SE2d 870).

2. Plaintiffs' remaining enumerations of error address the trial court's charge to the jury. The trial court's charges on the avoidance rule, on the assumption of risk, on comparative negligence and on the provisions of OCGA § 40-6-92 (a) were properly adjusted to and authorized by the evidence.

It was not error to give in charge the language of OCGA § 40-6-91

(b) even though the vehicle was not moving when the pedestrians attempted to cross. The circumstances of the case sub judice present an appropriate application of this rule to a situation involving a stationary vehicle.

In Enumeration of Error No. 6 plaintiffs contend the trial court erred in refusing to charge the jury as requested concerning a pedestrian's right to assume a driver's compliance with the law. However, the principles embodied in the request were covered substantially in the trial court's charge, so the failure to charge the exact language requested is not ground for reversal. *Davis v. Glaze*, 182 Ga. App. 18, 23 (12) (354 SE2d 845); *Wood v. Jones*, 175 Ga. App. 534, 537 (5) (334 SE2d 9).

" ' "The well-established rule is that where the court incorrectly instructs the jury as to the measure of damages to be applied, if the jury exonerates the defendant so that the consideration of the measure of damages is eliminated from the case, the instructions given, even if erroneous, cannot be held to prejudice the plaintiff's cause." (Cit.)' *Jackson v. Miles*, 126 Ga. App. 320 (3) (190 SE2d 565) (1972)." *Minter v. Leary*, 181 Ga. App. 801 (1) (354 SE2d 185). Since the jury returned a verdict in favor of defendants, any error in charging the jury regarding nominal damages was harmless error.

*Judgment affirmed. Pope and Benham, JJ., concur.*

DECIDED OCTOBER 17, 1988 —
REHEARING DENIED NOVEMBER 3, 1988 — 

*Robert P. Wilson, W. John Wilson*, for appellants.
*G. Michael Banick, Lowell S. Fine*, for appellees.