### 76974. RAY v. ANDERSON.
(374 SE2d 819)

POPE, Judge.

Appellant Freddie Jean Ray brought an action against appellee

Ursula Anderson, seeking damages for personal injuries allegedly received through the negligence of Anderson in an automobile collision which occurred on May 30, 1986. The evidence presented at trial showed that five automobiles were stopped at a red light, with appellant driving the fourth car and appellee driving the fifth one. The traffic light turned green and all the cars proceeded forward until the first automobile suddenly made a U-turn to the left from a no-turn lane. When the following cars had to make sudden stops, appellee hit appellant from the rear and pushed her into the vehicle in front of her. Over appellant's objection the trial court charged the jury on the doctrine of sudden emergency. After requesting and receiving a recharge on sudden emergency and proximate cause, the jury returned a verdict in favor of appellee. This appeal is from the denial of appellant's motion for new trial.

1. Appellant contends that the trial court erred in refusing to allow her to present evidence that appellee carried liability insurance in the amount of $300,000 and argues that such evidence is admissible pursuant to OCGA § 51-12-1 (b). Pretermitting the issue of whether OCGA § 51-12-1 (b) authorizes the admission of evidence concerning benefits that a plaintiff *may be entitled to under the alleged tortfeasor's policy,* that section is to be given prospective effect only; therefore it is inapplicable to the present action which arose and was filed prior to July 1, 1987, the effective date of the statute. *Polito v. Holland,* 258 Ga. 54 (5) (365 SE2d 273) (1988); *Quality Rental Co. v. Grier,* 187 Ga. App. 5 (1) (369 SE2d 276) (1988). Consequently, the trial court did not err in refusing to admit such evidence.

2. Appellant also complains that she suffered reversible error because the trial court charged the jury on the doctrine of sudden emergency when the facts did not support such a charge. Appellant argues that since appellee was not confronted with a choice of conduct, any issue of sudden emergency was negated. See *Davis v. Calhoun,* 128 Ga. App. 104 (1) (195 SE2d 759) (1973). The defense of emergency is not available unless the evidence shows that there has been a " 'sudden peril caused by circumstances in which the defendant did not participate and which offered him a choice of conduct without time for thought so that negligence *in his choice* might be attributable not to lack of care but to lack of time to assess the situation.' " *Hall v. Chastain,* 246 Ga. 782, 785 (5) (273 SE2d 12) (1980), quoting *Davis v. Calhoun,* at 106. See also *Howard v. Jones,* 187 Ga. App. 756 (2) (371 SE2d 196) (1988); *F. A. F. Motor Cars v. Childers,* 181 Ga. App. 821 (3b) (354 SE2d 6) (1987).

In the above cases it was held that because there was no evidence that the defendants made an emergency choice after being confronted by a sudden danger, but rather that the accidents were due to negligence of others, a sudden emergency charge was not warranted. In the

instant case, appellee testified that "the first car made an illegal left turn and everybody came to a quick stop and . . . had to slam on their brakes"; and that when she saw appellant's brake lights come on she applied her brakes, but "just bumped into her." Thus, "[i]t is apparent that [appellee] apprehended the danger or peril and attempted to avoid the collision by engaging the brakes of [her car]. [Cits.] '(W)hether an emergency existed or not, that issue, like all questions of diligence, negligence, contributory negligence and proximate cause except in plain and indisputable cases, was a question for determination by the jury. (Cits.)' [Cits.] Under the evidence presented at trial, we conclude that this issue was properly submitted to the jury. [Cits.] Accordingly, this enumeration of error is without merit." *Federal Ins. Co. v. Pascoe Steel Corp.*, 161 Ga. App. 204, 206 (1) (288 SE2d 267) (1982). Accord *Ellis v. Cameron & Barkley Co.*, 171 Ga. App. 211 (5) (319 SE2d 38) (1984).

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED OCTOBER 21, 1988 —
REHEARING DENIED NOVEMBER 1, 1988 — ▮▮▮▮▮▮▮▮

*Allen W. Johnson*, for appellant.
*Robert L. Allgood*, for appellee.