A89A0094. POINTER et al. v. COOLEY.

(382 SE2d 359)

BIRDSONG, Judge.

This is an appeal by the plaintiffs Debra and Michael Pointer from a verdict for defendant, Charlene Cooley, in a suit arising out of a rear-end collision. Appellants assign two errors below. *Held*:

1. Appellants contend the evidence was insufficient to sustain the verdict for the defendant. The evidence was quite sufficient to sustain the verdict. Liability of the defendant Cooley, who rear-ended Pointer when Cooley's foot slipped off the brake while she was stopped in a traffic jam, was not in issue. The issue was damages. There was evidence of pre-existing conditions of back and neck pain and injury through Pointer's previous pregnancies and an earlier automobile accident. The subject of any injury she sustained in this present case was fully explored by both sides. On appeal, we do not weigh evidence, for the jury has already done that; and once the jury has done so, every inference and construction in the evidence is indulged in favor of the verdict so as to uphold it. *Frost v. Williamson*, 239 Ga. 266, 268 (236 SE2d 615); *Bell v. Brewton*, 139 Ga. App. 463, 464 (228 SE2d 600); and see *G.E.C. Corp. v. Levy*, 126 Ga. App. 604, 607 (1) (191 SE2d 461). Appellant's first enumeration is without merit.

2. Pointer complains of legal error in the trial judge's refusal to give the charge allowing damages for pain and suffering where there is "serious injury" pursuant to OCGA § 33-34-9 (a), even though the trial judge recognized the plaintiff had, under definition of that code section, suffered a "serious injury."

This allegation of error is without merit. OCGA § 33-34-9 (a) is an insurance provision which is merely permissive in nature, in al-

lowing recovery of damages for pain and suffering where a party has sustained "serious injury" as defined by OCGA § 33-34-2 (13), viz., certain injuries, or disability, or as in this case, medical expenses in excess of $500. Furthermore, there was a waiver on this point by counsel. See *Sims v. Johnson*, 185 Ga. App. 720 (365 SE2d 532); and see *Brown v. Sims*, 174 Ga. App. 243 (329 SE2d 523).

It is unclear what advantage the plaintiff appellant sought to gain by having the jury be advised under that insurance statute that "the defendant would be exempt from liability to pay damages to the plaintiff for pain [and] suffering" unless the conditions of the statute were met. In fact, the trial court gave the plaintiff the favor of a charge that she would be entitled to damages for pain and suffering as "a legal item of damages [for which the measure] is the enlightened conscience of impartial . . . jurors." In fact, the trial court charged the jury at length on plaintiff's entitlement to damages for pain and suffering, under far broader and more permissive standards than the restrictive ones in the permissive insurance statute. We find the plaintiff the beneficiary of the trial court's charge and not the victim.

*Judgment affirmed. Deen, P. J., and Benham, J., concur.*

DECIDED APRIL 19, 1989 —
REHEARING DENIED MAY 12, 1989.

*Nickerson & Tuszynski, David E. Tuszynski*, for appellants.
*Spearman & Gaughen, Thomas G. Whatley, Jr.*, for appellee.