## A90A0308. BEHLING v. RUCKSTAETTER.
(394 SE2d 539)

DEEN, Presiding Judge.

Appellee Ruckstaetter contracted with appellant Behling, a builder, to construct a two-story log house according to custom plans drawn by Behling's architect and based on a drawing of a log house supplied to Behling by Ruckstaetter. The specifications called for, inter alia, a roof with a pitch of 10/12 "plus or minus," so as to allow for a certain amount of usable space on the second floor. Behling warned Ruckstaetter that it might be difficult to obtain timber of sufficient length to serve as rafters for a house of the specified size and with a roof pitch of approximately 10/12. According to the record, however, such timbers were obtained. On a number of occasions during the construction process, Mrs. Ruckstaetter visited the house and observed the workmen.

When the house was nearly completed, appellee discovered that the floor space on the second floor was much less than expected, and that the pitch of the roof was in fact 7/12. Ruckstaetter then sued Behling for breach of warranty, breach of contract, and negligence, seeking as damages the difference in value of the house as it actually was and as it should have been according to the specifications attached to the contract. She also sought costs of completion.

Behling countersued for sums due and owing under the contract.

In a bench trial the court found that defendant/appellant had breached the contract in that the 7/12 roof allowed "substantially less usable space" than would a 10/12 plus-or-minus pitch. The trial court also awarded plaintiff/appellee "other credits and costs of completion" in a total amount of $17,070.44. He awarded Behling $2,925 as due and owing under the contract. Behling appeals, enumerating as error (1) insufficient evidence to support a finding of breach of contract and (2) the award of damages for the diminished floor space, alleging that appellee had approved the design of the roof. *Held*:

1. Our review of the record indicates that there was sufficient competent evidence to support a finding of breach of contract. It was undisputed that the roof as built had a pitch of 7/12; it was also undisputed that the contract called for a pitch of approximately 10/12. There was testimony that the timbers employed as rafters could have been used to construct a roof with a 10/12 pitch, and that, although roofs could be constructed with a rather wide range of pitches, 9/12 was the industry standard. Thus there was sufficient competent evidence to support the trial court's ruling. We will not disturb the factual finding of the trial court absent plain error, and we find none here. *Weathers v. Foote & Davies Transport Co.*, 189 Ga. App. 134 (375 SE2d 97) (1988). This enumeration is without merit.

2. An expert witness testified for plaintiff/appellee that Ruckstaetter's house as built was worth $15,000 less than it would have been worth had the low-pitched roof not caused the diminution in usable second-story floor space. There was other evidence tending to corroborate this point. There was also testimony to the effect that Mrs. Ruckstaetter, as a layperson, had not understood, and could not be expected to understand, the implications of the various deviations from the specifications, as Behling mentioned them to her. Again, as in Division 1, we find no error. *Simmons v. Boros*, 255 Ga. 524 (341 SE2d 2) (1986).

*Judgment affirmed. Pope and Beasley, JJ., concur.*

DECIDED APRIL 17, 1990 —
REHEARING DENIED MAY 9, 1990 —

*Porter & Doster, Sidney R. Barrett, Jr.*, for appellant.
*Stewart, Melvin & House, George W. Brinson, J. Douglas Stewart,* for appellee.