A90A0677. FRANKLIN et al. v. HENNRICH et al.
(395 SE2d 859)

SOGNIER, Judge.
Reba Franklin and James C. Franklin brought suit against Jeffrey Lewis Hennrich and Sarah Heydrick seeking damages for pain and suffering and loss of consortium incurred as the result of an automobile collision between Reba Franklin and Heydrick. The jury returned a verdict in favor of the defendants, and the Franklins appeal.

1. Appellants enumerate the denial of their motion for new trial on the general grounds. The evidence at trial established that the collision occurred at the intersection of North Church Street and West Walker Street in Thomaston, Georgia. North Church Street is one way heading south with three lanes, the easternmost lane being reserved for parking. Traffic on North Church crests a small hill just before the intersection with West Walker. A stop sign at the intersection controls the east-west traffic on West Walker, but there is no stop sign for southbound traffic on North Church Street.

On the date in issue, appellee Hennrich had parked the tractor trailer truck he was driving in the parking lane on North Church Street with the emergency flashing lights activated. The evidence is uncontroverted that he was properly within the parking lane and was not infringing on the yellow curb, which maintained an eleven foot strip from the North Church Street parking area to the intersection with West Walker. A second tractor trailer truck, not involved in the case sub judice, was parked directly behind Hennrich's. Hennrich testified that before leaving the truck he checked to make sure it was properly parked. He stated he did not know he was obstructing the vision of vehicles entering the intersection from the east side of West Walker.

Appellee Heydrick testified that she was travelling west on West Walker with another vehicle behind her. The evidence is uncontroverted that she came to a stop in accordance with the stop sign at the intersection, but due to the presence of the tractor trailer trucks she could not see the oncoming traffic heading south into the intersection

on North Church. Due to the vehicle behind her Heydrick could not back away from the intersection. Heydrick testified that she "eased out" into the intersection. She could not see the top of the hill and did not see the automobile driven by appellant Reba Franklin. Franklin's car collided with the passenger side of Heydrick's car, and the force of the impact propelled Heydrick's car back into Hennrich's tractor trailer truck, leaving 15 feet of skid marks.

Tom Wilkins testified that minutes before the accident he had approached the intersection in his vehicle from the same direction as Heydrick, but upon realizing the view was obstructed, he had been able to back up and drive through the parking lot of the adjacent restaurant and thus avoid the intersection. He testified he saw the collision occur and saw Heydrick's vehicle "pull just far enough beyond the trucks" for the other automobile to hit it.

Appellant Reba Franklin testified that she was driving in the westernmost lane on North Church Street travelling 35 to 37 miles per hour on dry pavement. She did not see and testified she had no reason to notice the 116 feet of tractor trailer trucks parked two lanes to her left. She stated she did not see Heydrick's vehicle, that "[a]ll of a sudden it was there." She slammed on her brakes as hard as she could, leaving 27 feet of skid marks on the road. The automobiles collided in the middle of the intersection in appellant's (westernmost) lane. Appellant was propelled into the dashboard where she injured her head and hurt her knees, aggravating a pre-existing osteoarthritic condition.

"On appeal, we do not weigh evidence, for the jury has already done that; and once the jury has done so, every inference and construction in the evidence is indulged in favor of the verdict so as to uphold it. [Cits.]" *Pointer v. Cooley*, 191 Ga. App. 548 (1) (382 SE2d 359) (1989). From the evidence adduced at trial, a jury reasonably could have determined that appellee Hennrich had non-negligently parked his truck and that appellee Heydrick had entered the obstructed intersection using all due caution, but that appellant Reba Franklin had approached the intersection without due regard to the vision difficulties posed by the properly parked trucks and had failed to observe Heydrick's vehicle entering the intersection. From the skid marks left by the automobiles and the resting position of Heydrick's vehicle (two lanes opposite from the direction she was travelling), the jury could have determined that the speed of appellant Reba Franklin's vehicle exceeded the safe speed proper for the intersection in question under the circumstances presented.

" 'This court will not disturb a judgment when there is any evidence to sustain it, in the absence of a material error of law. [Cit.] If the verdict is wholly without supporting evidence, it will be set aside, but where the evidence is in conflict and a properly instructed jury

resolves the conflicts against the plaintiff, and that decision is approved by the trial judge and is supported by the evidence of record, this court, in the absence of material errors of law, will affirm. [Cit.] The trial court did not err [by] denying [appellants'] motion for new trial.' [Cits.]" *Weathers v. Foote & Davies Transport Co.*, 189 Ga. App. 134, 135 (1) (375 SE2d 97) (1988).

2. Appellants enumerate three errors in the charge of the court.

(a) Appellants contend the trial court erred by charging the jury on sudden emergency. " 'The doctrine of sudden emergency refers only to those acts which occur immediately following the apprehension of the danger or crisis and before there is time for careful reflection. (Cit.) The rule of sudden emergency is that one who in a sudden emergency acts according to his best judgment or, because of want of time in which to form a judgment, acts in the most judicious manner, is not chargeable with negligence. (Cits.)' [Cit.] 'An emergency is a "sudden peril caused by circumstances in which the defendant did not participate and which offered him a choice of conduct without time for thought so that negligence in his choice might be attributable not to lack of care but to lack of time to assess the situation." (Cit.)' . . . [Cit.]" *Luke v. Spicer*, 194 Ga. App. 183, 184 (3) (390 SE2d 267) (1990).

The evidence established that when appellee Heydrick arrived at the intersection, she discovered she could not see the oncoming traffic on North Church Street from her position at the stop sign because the tractor trailer trucks blocked her view. Her testimony reflects that she apprehended the danger or peril posed by this obstruction of the intersection. However, at that moment another vehicle drove up behind her, so she could not retreat from the intersection or approach it from another direction, as had Wilkins. Although arguably Heydrick could have chosen not to enter the intersection, thereby forcing the vehicle behind her either to back up or go around her stationary vehicle, she chose under the circumstances to proceed and to attempt to avoid the danger or peril posed by the obscured view of traffic entering the intersection by easing out past the trucks. She testified she "got hit before I could see anything" and acknowledged she had realized that she was taking a "chance."

"Whether an emergency existed or not, that issue, like all questions of diligence, negligence, contributory negligence and proximate cause except in plain and indisputable cases, was a question for determination by the jury. Under the evidence presented at trial, we conclude that this issue was properly submitted to the jury." (Citations and punctuation omitted.) *Ray v. Anderson*, 189 Ga. App. 80, 82 (374 SE2d 819) (1988). The fact noted by the dissent that other evidence was adduced at trial indicating that Heydrick had no alternatives does not render error the giving of the charge on sudden emergency,

since "[i]t is a well established rule that an instruction is not inapplicable where there is any evidence, however slight, on which to predicate it. [Cit.] It is not even necessary there should be direct evidence going to that point, it is enough if there be something from which a legitimate process of reasoning can be carried on in respect to it. [Cit.]" *Lockard v. Davis*, 169 Ga. App. 208, 210 (312 SE2d 194) (1983). Applying that rule here, we find no reversible error in the giving of the charge in question.

(b) The trial court charged the jury that "no person shall drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard for the actual and the potential hazards then existent[. C]onsistent with the foregoing, every person shall drive at a reasonable and a prudent speed when approaching and crossing an intersection, when approaching and traversing a hill crest, or when special hazards exist with the respect to pedestrians or other traffic or by reasons of weather or by highway conditions." This charge tracks the language in OCGA § 40-6-180. Appellants correctly point out that there was no direct evidence that appellant Reba Franklin was exceeding the posted speed limit at the time of the incident in question. However, the fact that a driver's rate of speed is within the posted speed limit at the scene of the collision does not affect the propriety of a charge based on OCGA § 40-6-180. See *Cohran v. Douglasville &c. Products*, 153 Ga. App. 8, 12 (2) (264 SE2d 507) (1980). Evidence was adduced that appellant Reba Franklin had crested a hill and was approaching an obstructed intersection, and that even travelling the 37 m.p.h. she claimed to be going and leaving 27 feet of skid marks, the impact of her car with Heydrick still propelled Heydrick's vehicle backwards into Hennrich's truck. " 'Where there is any evidence, however slight, upon a particular point, it is not error for the court to charge the law in relation to that issue.' [Cits.]" *Department of Transp. v. 19.646 Acres of Land*, 178 Ga. App. 287, 288 (2) (342 SE2d 760) (1986).

(c) Appellants contend that the only evidence supporting the trial court's charge on the obligation to mitigate or lessen one's damages was testimony adduced at trial regarding appellant Reba Franklin's failure to wear a seat belt. Appellants argue that OCGA § 40-8-76.1 (d), which became effective after the accident but before trial, renders the giving of this charge reversible error. It is not necessary here, however, to decide whether this charge on an issue involving damages was proper, because an incorrect charge on damages "is harmless error where the jury's verdict shows that it found that the defendant[s were] not liable to the plaintiff[s]. [Cits.]" *Fulton Nat. Bank v. Marshall*, 245 Ga. 745, 747 (267 SE2d 225) (1980). See also *Wendlandt v. Shepherd Constr. Co.*, 178 Ga. App. 153, 155 (1) (342 SE2d 352) (1986).

*Judgment affirmed. Deen, P. J., Banke, P. J., Birdsong, Pope, Beasley and Cooper, JJ., concur. Carley, C. J., and McMurray, P. J., dissent.*

CARLEY, Chief Judge, dissenting.

Because I disagree with the majority's conclusion in Division 2 (a) that the trial court did not err in charging on sudden emergency, I must respectfully dissent.

In quoting from *Ray v. Anderson*, 189 Ga. App. 80, 82 (374 SE2d 819) (1988), the majority correctly points out that the existence vel non of a sudden emergency is a jury question "except in plain and indisputable cases." (Majority opinion, p. 374.) I respectfully submit that this *is* a plain and indisputable case, and that a sudden emergency as contemplated by the law of this State simply did not exist.

"The doctrine of emergency refers to those acts which occur immediately following the apprehension of the danger or crisis and before there is time for careful consideration or reflection. [Cit.] This requires that the person confronted by the emergency have the opportunity to exercise one of several reasonable alternative courses of action. In the absence of such factors, there can be no conduct to which to apply the standard and the doctrine is inapplicable." [Cit.] *Barlow v. Veber*, 169 Ga. App. 65, 66 (1) (311 SE2d 501) (1983). In this case, no emergency arose until the action of the defendant in taking the "chance" by "easing out" into the intersection. Until Mrs. Heydrick took that "chance" there was no peril with which she was immediately faced and to avoid which she had to take one of several alternative courses of action. In fact, Mrs. Heydrick's own attorney asked the following question during the cross-examination of the police officer: "Mrs. Franklin is coming south. Mrs. Heydrick has got somebody behind her, she's got the truck to her right, she can't see to the right, so there is nothing *safe* for her to do, right?" (Emphasis supplied.) To this question the police officer replied in the affirmative. There being no alternatives, there was "no conduct to which to apply the standard and the doctrine is inapplicable." *Barlow v. Veber*, supra. Accordingly it is my opinion that the trial court erred in charging on sudden emergency and, in view of the evidentiary posture of this case, I do not believe that the error was harmless. Accordingly, I respectfully dissent from the affirmance of the trial court's judgment.

I am authorized to state that Presiding Judge McMurray joins in this dissent.

DECIDED JUNE 25, 1990 —
REHEARING DENIED JULY 13, 1990 — CERT. APPLIED FOR.

*Richard T. Bridges*, for appellants.

*Martin, Snow, Grant & Napier, Cubbedge Snow III, R. Chris Irwin & Associates, David L. Whitman*, for appellees.