A90A0945. ROBINSON v. METROPOLITAN ATLANTA RAPID
TRANSIT AUTHORITY.
(399 SE2d 252)

POPE, Judge.

Appellant/plaintiff Darin Clint Robinson was injured when his car struck a disabled MARTA bus stopped on the expressway. He then brought this negligence action and the jury returned a verdict in favor of appellee/defendant MARTA.

1. MARTA argues that Robinson waived any exceptions he had to the trial court's refusal to give requests to charge he had submitted. We note that counsel for Robinson specifically stated the numbers of the previously submitted written requests to charge that he felt the trial court should have given. This was sufficient to preserve the issue. The holding to the contrary in *Fidelity-Phenix Ins. Co. v. Mauldin*, 123 Ga. App. 108 (2a) (179 SE2d 525) (1970), cited to us by MARTA, was disapproved by the Supreme Court in *Continental Cas. Co. v. Union Camp Corp.*, 230 Ga. 8 (2) (195 SE2d 417) (1973).

2. Robinson argues that the trial court erred in refusing to charge on sudden emergency. At trial, Robinson testified that he had no memory of the accident. Other witnesses established that a MARTA bus had broken down in the second northbound lane of I-75 on the night of January 13, 1986. The bus had on its lights and emergency flashers. The driver radioed for help and a towtruck was dispatched. As the driver of the towtruck approached, he saw the bus from a distance of about 200 yards. He then noticed the car driven by Robinson

pass him on the right and enter the lane in front of him in which the bus was stopped. At the last instant, Robinson swerved to the left, but still collided with the bus.

"The defense of emergency is not available unless the evidence shows that there has been a sudden peril caused by circumstances in which the defendant did not participate and which offered him a choice of conduct without time for thought so that negligence *in his choice* might be attributable not to lack of care but to lack of time to assess the situation." (Citations and punctuation omitted.) *Ray v. Anderson*, 189 Ga. App. 80, 81 (2) (374 SE2d 819) (1988). Of course, here Robinson was the plaintiff. However, Robinson sought the charge in connection with the issue of comparative negligence. Thus, sudden emergency could have been a defense to a finding that Robinson was negligent to such a degree that he would not be entitled to recover, if the principle of sudden emergency had applied. We hold that it did not apply. Robinson had no choice after encountering the peril, the stalled bus. Thus, the charge was inapplicable. See *Howard v. Jones*, 187 Ga. App. 756 (2) (371 SE2d 196) (1988). The trial court did not err in refusing to give the charge.

3. We have examined the charge on comparative negligence given by the trial court as well as the recharge on that issue and hold that the charges given adequately explained the principle and were not confusing. Nor do we see the applicability of Robinson's request to charge no. 23, which dealt with negligence per se resulting from an alleged violation of OCGA § 40-8-7 (a) to the issue of comparative negligence. We find no error.

4. Robinson argues that the trial court erred in failing to give his requests to charge on negligence per se. As noted above, Robinson sought a charge on negligence per se for violation of OCGA § 40-8-7 (a), which says that no one may drive or move a motor vehicle on the highway unless the equipment on the vehicle is in good operating order. The evidence at trial showed that MARTA regularly serviced its vehicles and that the vehicle involved here had been so maintained and that the driver had no reason to suspect that anything was wrong with the vehicle before it broke down. It was not error to refuse the charge. OCGA § 40-6-203 (a) (1) (I) prohibits stopping a vehicle on a controlled-access highway; however, OCGA § 40-6-204 provides an exception for disabled vehicles from the mandate of OCGA § 40-6-203 (a) (1) (I). The situation in the present case came within the exception and the trial court properly denied Robinson's request to charge negligence per se on this basis.

5. We find no error in the trial court's recharge on the issue of comparative negligence and its statement to the jury at the conclusion of that recharge: "I also remind you of the entire charge from its beginning to its end." Robinson argues that this caused confusion to the

jury because the trial court had directed a verdict in favor of him on MARTA's counterclaim for property damage. However, we note that the record shows that immediately after the recharge, the trial court engaged in a colloquy with the jury in which that issue was raised by a juror and the trial court advised the jury that by directing a verdict he had removed that issue from their consideration and that they were not to consider it. Viewing the charge as a whole, we find that the jury was adequately and properly instructed on comparative negligence.

*Judgment affirmed. Beasley, J., concurs. Deen, P. J., concurs specially.*

DEEN, Presiding Judge, concurring specially.

I fully concur in all divisions of the majority opinion except Division 2. I agree there was no error in refusing to give Robinson's charge on sudden emergency, but for different reasons than stated by the majority. I believe a charge on sudden emergency was authorized by the evidence. Though the evidence was sparse because Robinson had no memory of the accident, the testimony given by the tow truck driver describing Robinson's encounter at night with a bus stopped in a lane of Interstate 75, and his last second attempt to avoid the collision, provided a sufficient basis to support a charge on sudden emergency. " '(I)t is a well established rule that an instruction is not inapplicable where there is any evidence, however slight, on which to predicate it. (Cit.) It is not even necessary there should be direct evidence going to that point; it is enough if there be something from which a legitimate process of reasoning can be carried on in respect to it. (Cit.)' [Cit.]" *Franklin v. Hennrich*, 196 Ga. App. 372, 375 (395 SE2d 859) (1990).

Robinson requested the following charge: "[W]hen a driver of a motor vehicle is confronted with a sudden emergency caused by the negligence of another, in such an emergency he is only charged with the duty of exercising ordinary care and diligence under the circumstances and is not barred from recovery because he exercised bad judgment under the circumstances." The requested charge was an incomplete statement of the law of sudden emergency. See *Franklin*, supra at 374. Therefore, it was not error for the trial court to refuse to give it. *French v. Stephens*, 117 Ga. App. 61, 64 (159 SE2d 484) (1967).

DECIDED NOVEMBER 19, 1990.

*Savell & Williams, Robert E. Mulholland, Zirkle & Smith, Charles B. Zirkle, Jr.*, for appellant.

*Churchill & Ferguson, Anthony M. Thomasson, Kirkland A.*

*McGhee, Gorby, Reeves, Moraitakis & Whiteman, Michael J. Gorby, Stephanie Scheier*, for appellee.