A92A1500, A92A1501. JOHNSON v. RAY (two cases).
(424 SE2d 892)

COOPER, Judge.

Appellants, husband and wife, were passengers in a vehicle driven by Bob Johnson in search of the home of Johnson's sister. Johnson missed the turn onto his sister's street and proceeded to back his car up in the roadway to turn into the street. At the same time, appellee was traveling down the same street in the same direction. As appellee drove around a corner and crested a hill, he saw Johnson backing up in the roadway. Appellee applied his brakes and attempted to steer clear of the car, but he was unable to avoid colliding with Johnson's car. It was dark and raining, and appellee estimated his speed at between 35 and 40 m.p.h. Appellants brought separate actions for personal injuries against appellee, and the cases were consolidated for trial before a jury which returned a verdict for appellee. The trial court denied appellants' motions for new trial, and this appeal followed.

1. In their first enumeration of error, appellants contend the court's charge on the emergency doctrine was not supported by the evidence. "The defense of emergency is not available unless the evidence shows that there has been a ' "sudden peril caused by circumstances in which the defendant did not participate and which offered him a choice of conduct without time for thought so that negligence *in his choice* might be attributable not to lack of care but to lack of time to assess the situation." ' [Cits.]" *Ray v. Anderson*, 189 Ga. App. 80, 81 (2) (374 SE2d 819) (1988). Appellants argue that appellee contended that the accident was due to the negligence of others but he

did not contend that he was confronted with an emergency choice. The evidence demonstrates that on a dark, rainy night, after cresting a hill, appellee was confronted with Johnson's vehicle, backing up the road. Appellee applied his brakes and was unsuccessful in avoiding the collision with Johnson's car. "Thus, '(i)t is apparent that (appellee) apprehended the danger or peril and attempted to avoid the collision by engaging the brakes of ([his] car) [and swerving away from Johnson's car]. (Cits.) "(W)hether an emergency existed or not, that issue, like all questions of diligence, negligence, contributory negligence and proximate cause except in plain and indisputable cases, was a question for determination by the jury. (Cits.)" (Cits.) Under the evidence presented at trial, we conclude that this issue was properly submitted to the jury. (Cits.) Accordingly, this enumeration of error is without merit.' [Cits.]" Id. at 82 (2); *Luke v. Spicer*, 194 Ga. App. 183, 184 (3) (390 SE2d 267) (1990).

2. Appellants next contend the court erred in failing to charge on the last clear chance doctrine. "The last clear chance doctrine requires among other things that there be negligence on the part of the plaintiff. [Cit.] Although there was ample evidence that [Johnson] was negligent, there is no evidence that his negligence was imputed to appellant[s]. Therefore, the trial court correctly ruled that the last clear chance doctrine was inapplicable." *Hogan v. Pony Express Courier Corp.*, 195 Ga. App. 592, 593 (3) (394 SE2d 391) (1990).

3. Appellants argue that the court erred by refusing to give their requested charge that a prior inconsistent statement is admissible as substantive evidence. This enumeration is without merit. " 'Absent instructions to the contrary, the jury surely regarded substantively *all* the evidence presented to it.' [Cit.]" *Conway v. State*, 183 Ga. App. 573, 574 (3) (359 SE2d 438) (1987).

4. Appellants contend the trial court erred in allowing the admission of a certified copy of a judgment entered on appellant husband's convictions of embezzlement of mailbag by postal employee and unauthorized acquisition of food stamp coupons. Appellants also maintain that the court erred in permitting the judgment to go out with the jury and in failing to allow appellant husband to make a statement in explanation of the convictions.

"In Georgia, a witness in a civil case may always be impeached by proof of a conviction for a felony or other crime involving moral turpitude. [Cit.]" *Giles v. Jones*, 169 Ga. App. 882 (315 SE2d 440) (1984). At trial, appellants objected to the admission of the document on the ground that it was not a certified copy of the indictment, verdict and judgment. We can find no requirement, nor have appellants provided authority for their contention, that a certified copy of the indictment and verdict be introduced with the judgment of conviction for purposes of impeachment. This court has held on numerous occasions

that " '(w)hile a witness may be discredited by proof of general bad character or *conviction* of a crime involving moral turpitude, it is not competent to discredit him by showing that he has committed, been arrested for, confined for, or even indicted for such an offense. (Cits.)' " *Richards v. State*, 157 Ga. App. 601, 602-603 (2) (278 SE2d 63) (1981). "It is the fact of conviction of a crime involving moral turpitude which is impeaching, not the statute violated or the manner in which it was violated. The conviction itself stated the general nature of the offense[s] and the punishment given." *Belvin v. Houston Fertilizer &c.*, 169 Ga. App. 100, 101 (3) (311 SE2d 526) (1983). Appellants have not questioned the authenticity of the document tendered by appellee, and the record reveals that prior to the introduction of the convictions, appellant husband admitted entering guilty pleas on both offenses listed above. Accordingly, we find no error in the trial court's admission of the convictions over appellants' objection. In addition, contrary to appellants' contention that the judgment of conviction should not have gone out with the jury because it was a "continuing witness," we find that it was not improper to allow the judgment to be considered by the jury during its deliberations because the judgment was not the sort of "written testimony" which is excluded under that rule of law. See *Tibbs v. Tibbs*, 257 Ga. 370 (359 SE2d 674) (1987); *Thomason v. Genuine Parts Co.*, 156 Ga. App. 599, 601 (275 SE2d 159) (1980).

However, as to appellants' contention that the trial court erred in refusing to allow appellant husband to offer an explanation of the circumstances surrounding the conviction, we agree. In this state, prior convictions of witnesses offered for the purpose of impeachment are admissible subject to the witness having an opportunity to make a brief statement in explanation, mitigation or denial of guilt. *Belvin*, supra at 101; *Tilley v. Page*, 181 Ga. App. 98, 100 (4) (351 SE2d 464) (1986). Appellee contends that any failure of the court to allow an explanation was harmless error since appellant husband testified in response to appellee's counsel's question, "are you the same person described in that judgment and commitment order?" that he was a "totally changed man; I've got a wife and a baby, I go to church, I got a job. . . ." This response was not a comment on the conviction, and the failure of the trial court to allow an explanation of "the circumstances surrounding the conviction[s]" constitutes reversible error. Id. at 100.

5. Appellants contend the trial court erred in refusing to give their requested charge that evidence of prior offenses offered for impeachment can have no other purpose. Review of the full charge of the court reveals that the trial court gave a charge on the limited use of such evidence which embodied the same principles as in the requested charge; therefore, the failure of the court to charge in the

exact language requested is not reversible error. *Skipper v. Dept. of Transp.*, 197 Ga. App. 634, 638 (5) (399 SE2d 538) (1990).

6. In view of the reversible error committed by the trial court as discussed in Division 4, we need not consider appellants' remaining enumerations of error that the court erred in failing to grant their motions for directed verdict and new trial based on the sufficiency of the evidence.

*Judgments reversed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED NOVEMBER 13, 1992.

*Dozier, Akin, Lee & Graham, L. Zack Dozier, Jr.*, for appellants. *Walker, Hulbert, Gray & Byrd, Michael G. Gray*, for appellee.