A94A0731. THOMAS et al. v. SHAHAN.
(444 SE2d 851)

COOPER, Judge.

This appeal arises out of an automobile collision between a car driven by plaintiff Sara Thomas and a car driven by defendant. Sara Thomas and her husband sued defendant for damages resulting from the collision. The jury returned a verdict in favor of plaintiffs. Dissat-

isfied with the verdict amount, plaintiffs appeal from the judgment entered on the verdict and the denial of their motion for new trial.

Mrs. Thomas testified that she was traveling north on Highway 53 in Floyd County when defendant's car, traveling south, came over on to her side of the road and collided with her car. She stated that she first saw the other car when it was in her lane, and her initial reaction was to attempt to get out of the way by swerving to the left into defendant's lane but she was unable to avoid defendant's car. Melissa Dowdy, a passenger in Mrs. Thomas' car at the time of the collision, testified that when she first saw defendant's car it was on their side of the road, and Mrs. Thomas tried to get over to avoid the car but was unable to do so. The officer who first arrived at the scene of the accident found the cars in the middle of the highway straddling the centerline. He examined the position of the cars, skid marks and other physical evidence and determined that the driver's front corner of defendant's car struck the passenger's front corner of Mrs. Thomas' car. The officer also observed that the skid marks found on Mrs. Thomas' side of the road matched the tread of the tires on defendant's car. The officer also explained that the debris from the accident was greater on the defendant's side of the road because the slope of the curve caused the debris to flow more to that side. The officer did state that at the point of impact it was possible that Mrs. Thomas' car was more on defendant's side of the road than defendant's car was on her side of the road. However, the officer concluded that the accident occurred because defendant's car was on the wrong side of the road. Defendant testified but had no memory of the accident.

1. Plaintiffs contend the trial court erred in charging the jury on comparative and contributory negligence. "The law is well established that where there is no evidence at all of any negligence on the part of the plaintiff, an instruction on this subject is error." (Citations and punctuation omitted.) *Taylor v. Haygood*, 113 Ga. App. 30, 33 (2) (147 SE2d 48) (1966). "A review of the record demonstrates that [defendant] produced *no* evidence to authorize a finding that, in the exercise of ordinary care, [Mrs. Thomas] could have avoided the collision after she saw or should have seen that [defendant] . . . was crossing [plaintiff's] lane of traffic. It follows that it [was] error to give any charge regarding [Mrs. Thomas'] negligence." (Citations and punctuation omitted.) *Leonard v. Miller*, 207 Ga. App. 602, 603 (428 SE2d 646) (1993); see also *Earl v. Edwards*, 117 Ga. App. 559 (2) (161 SE2d 438) (1968). Defendant's reliance on *Garner v. Driver*, 155 Ga. App. 322 (270 SE2d 863) (1980) is misplaced. In that case there was at least some evidence that plaintiff was negligent in causing the head-on collision. See *Leonard*, supra. Accordingly, the trial court's charge on contributory and comparative negligence constitutes revers-

ible error.

2. In their second enumeration of error, plaintiffs argue the trial court erred in charging the jury on sudden emergency. The trial judge charged the jury as follows: "One who is confronted with a sudden emergency which was not created by one's own fault and is without sufficient time to determine accurately and with certainty the best thing to be done is not held to the same accuracy of judgment as would be required of that person if that person had more time for deliberation. The requirement is that the person act with ordinary care under all the particular facts and circumstances surrounding the situation." Plaintiffs objected to the charge on the ground that it was not authorized by the evidence. "The defense of emergency is not available unless the evidence shows that there has been a sudden peril caused by circumstances in which the defendant did not participate and which offered him a choice of conduct without time for thought so that negligence *in his choice* might be attributable not to lack of care but to lack of time to assess the situation." (Citations and punctuation omitted.) *Robinson v. MARTA*, 197 Ga. App. 628, 629 (2) (399 SE2d 252) (1990). Defendant requested the charge on sudden emergency. However, the evidence reveals that any emergency which existed was attributable to him, therefore the charge was not applicable to the defendant's situation. See *Green v. Knight*, 153 Ga. App. 183 (2) (264 SE2d 657) (1980). Although the charge can be applicable to the issue of comparative negligence, see *Robinson*, supra, there is no issue of comparative negligence in this case. See Division 1. Consequently, we conclude that the charge was not authorized by the evidence, and the trial court erred in giving the charge.

3. We have reviewed plaintiffs' remaining enumerations of error regarding the admission of testimony of certain lay witnesses. We find no error.

*Judgment reversed. Birdsong, P. J., and Blackburn, J., concur in judgment only.*

DECIDED MAY 27, 1994 —
RECONSIDERATION DENIED JUNE 8, 1994 — ▮▮▮▮▮▮▮

*James R. Crawford, York, McRae & York, Michael D. McRae,* for appellants.

*Rogers, Magruder, Sumner & Brinson, J. Clinton Sumner, Jr., Clay M. White*, for appellee.