### 76112. HOWARD et al. v. JONES et al.
(371 SE2d 196)

BENHAM, Judge.

Appellant Nancy Howard was a victim of a motor vehicle collision involving her van, a Ford Bronco driven by appellee Cucci, and a tow truck driven by appellee Jones. The tow truck struck the rear end of the Bronco, which in turn struck the rear end of Mrs. Howard's van. Mrs. Howard suffered injuries which she alleged resulted from the accident, and for which she and her husband sued appellees and their employers for damages. At the close of the evidence, the

Howards moved for partial directed verdict against appellees on the issues of negligence and proximate cause, based on *Davis v. Pachuilo*, 169 Ga. App. 677 (314 SE2d 692) (1984). The trial court denied the motion. The jury returned a verdict in favor of the defendants, and the Howards filed this appeal, challenging the denial of their motion and the trial court's giving of a charge on sudden emergency as to one of the defendant drivers.

1. According to the testimony adduced at trial, the accident occurred in the afternoon of January 13, 1984, on a busy street in Macon, Georgia. A drizzling rain had caused the roads to be slick. Mrs. Howard was driving her van in the left center northbound lane of Pio Nono Avenue, with her four-year-old son in a bed in the rear of the van. She came to a stop about four to five feet behind a vehicle that had stopped to turn left. Traffic was heavy and moving too quickly in the right-hand lane for Mrs. Howard to shift her vehicle to that lane, so she waited for the automobile in front of her to turn. She had her foot on the brake and the brake lights were operating properly. She had been stopped long enough for several cars to go by in either direction, and when she looked in her rearview mirror she saw the Bronco and the tow truck coming up behind her. Since they appeared to her to be going too fast to stop, she braced herself for an impact and told her son to do likewise. Her van was then struck by the vehicles, although she could not say for sure whether there was one impact or two. She was thrown against the front interior of the van, and her son was thrown from his bed in the rear of the van to the front of it.

Cucci, the Bronco's driver, testified that he saw the van stopped in front of him with its brake lights on, and that he did not know of anything Mrs. Howard did that would have caused the collision. It was his position that he had also come to a stop behind the van, that he looked in his rearview mirror and saw the tow truck coming at him but could not get out of the way, and that, as a result, the tow truck struck his vehicle and knocked it into Mrs. Howard's van. The police officer who filed the accident report testified that Cucci reported his speed as being 25 m.p.h. before he struck Mrs. Howard's vehicle. The tow truck driver, Jones, testified that he saw Cucci's vehicle in front of him and could see its brake lights; and that while Jones was traveling at about 25 m.p.h., a small brown car pulled in ahead of him from the right-hand lane, traveled a short distance, and then pulled back into the right-hand lane. Jones admitted that because it was a small foreign vehicle, the brown car did not obstruct his view of the Bronco and its brake lights. Jones also testified that right after the brown car returned to the right-hand lane, he noticed an accident in the left southbound lane, and that he then took his foot off the accelerator and hit his brakes lightly. He then noticed that the Bronco had

stopped suddenly, so Jones hit his brakes and went into a skid. Another eyewitness, the victim in the southbound accident, said Jones was traveling about 7 m.p.h. in the skid when he hit the Bronco. Evidence was also presented regarding the Howards' injuries, medical expenses, and loss of consortium. The medical evidence included expert testimony that indicated Mrs. Howard's medical problems may have originated from a condition that existed before the accident, and not from the accident itself.

At the close of the evidence, the Howards moved for a directed verdict on the issues of appellees' negligence and proximate cause. The trial court denied their motion. We find that the trial court erred in part in denying the motion. Nothing in the transcript indicates that Mrs. Howard acted negligently or in any way caused or contributed to the occurrence of the accident. In fact, the evidence presented showed unequivocally that she was not at fault and that Jones was negligent in his driving conduct. However, there was evidence that Cucci may or may not have been driving negligently. Therefore, the motion should have been granted in appellants' favor on the negligence issue as to Jones, but not as to Cucci. *Davis v. Pachuilo*, supra, Division 1. The evidence did not demand a directed verdict on the issue of proximate cause, due to the nature of the medical testimony. OCGA § 9-11-50.

2. The trial court instructed the jury on the doctrine of sudden emergency, stating that "if you find that one of the defendants was confronted with a sudden emergency, and that it was not of his own creation and he didn't have sufficient time to decide with certainty the best course to pursue, then he would not be held to the same accuracy of judgment as would be required if he had had time for deliberation." Appellants objected to that charge at trial, arguing that under the facts there was no sudden emergency. We agree with appellants' contention that the application of the sudden emergency doctrine requires that the defendant have a choice of conduct and that this case is analogous to *Davis v. Calhoun*, 128 Ga. App. 104 (1) (195 SE2d 759) (1973). In *Davis*, the defendant driver failed to stop in time to avoid colliding with the rear of an automobile that had stopped in his lane of traffic and was waiting for the driver of the vehicle in front of it to make a left turn. The trial court in that case refused to charge the jury on the defense of sudden emergency, and this court upheld that decision. The facts in *Davis* were remarkably similar to those in the case before us, and we find here, as in *Davis*, that under the evidence there was "no real choice of conduct open to the defendant *after* he realized the situation which would make the doctrine of emergency applicable, because . . . there was . . . no question of passing on the left, and the defendant did not contend that he had a choice between attempting to stop and attempting to

[pass on] the right. The real thrust of his argument was not that he made an emergency choice when confronted by a sudden danger, but rather that he was not negligent in any particular and the collision, as to him, was an accident or due to the negligence of others." Id. at 107. The facts of appellants' case as presented at trial did not justify a sudden emergency charge for either of the defendant drivers, and the trial court erred in giving that charge.

*Judgment reversed. McMurray, P. J., and Pope, J., concur.*

DECIDED JUNE 9, 1988 —
REHEARING DENIED JULY 8, 1988 — 

*Russell M. Boston,* for appellants.
*Wallace Miller III, William C. Harris, Emitte H. Griggs, Thomas S. Carlock,* for appellees.