A89A0128. WALLACE v. RAMEY et al.
(381 SE2d 434)

McMURRAY, Presiding Judge.

Doris J. Wallace brought this personal injury action against Kathy L. Ramey and Randall C. Ramey. It was alleged that Ms. Ramey was liable to plaintiff Wallace because plaintiff was injured in an automobile collision which was caused proximately by the negligence of Ms. Ramey. The liability of Mr. Ramey was predicated upon the family purpose doctrine. Defendants answered the complaint and denied they were liable to plaintiff. Following discovery, the case proceeded to trial.

The following facts were adduced at trial: Plaintiff was driving her automobile on Reed Road in Smyrna, Georgia. As she approached an intersection, she slowed down because cars were in front of her and the sun was in her eyes. All of a sudden, plaintiff felt a "bang" because her automobile had been struck in the rear by a vehicle driven by Ms. Ramey.

Ms. Ramey acknowledged that the vehicle she was driving struck the rear of the plaintiff's automobile. She explained that she was "blinded by the sun." Ms. Ramey stated that she did not know whether plaintiff's vehicle was moving at the time of the collision. She admitted her vehicle was moving.

The evidence was closed and the case was submitted to the jury. A verdict was returned in favor of defendants, judgment entered accordingly and plaintiff has appealed. *Held:*

1. Plaintiff contends the trial court erred in charging the jury concerning the law of sudden emergency. We are compelled to agree and reverse the judgment of the trial court.

"The defense of emergency is not available unless the evidence shows that there has been ' "a sudden peril caused by circumstances in which the defendant did not participate and which offered him a choice of conduct without time for thought so that negligence *in his choice* might be attributable not to lack of care but to lack of time to assess the situation." ' [Cits.]" *Ray v. Anderson,* 189 Ga. App. 80, 81

(2) (374 SE2d 819). Accord *Reece v. Callahan,* 164 Ga. App. 131, 132 (296 SE2d 425).

In the case sub judice, the evidence demonstrated only that Ms. Ramey was blinded by the sun and that her vehicle collided with plaintiff's automobile. No evidence was presented concerning the length of time which Ms. Ramey had to assess the situation, the choices which confronted her or the ultimate choice which she made. (In fact, it would appear that Ms. Ramey made no choice. She did not swerve; she did not brake.) Thus, unlike the defendant in *Ray v. Anderson,* 189 Ga. App. 80, 81 (2), supra, or *Reece v. Callahan,* 164 Ga. App. 131, 132, supra, there was no evidence whatsoever that Ms. Ramey apprehended a danger and attempted to avoid a collision. It follows that the trial court erred in charging the jury on sudden emergency. *Howard v. Jones,* 187 Ga. App. 756, 758 (2) (371 SE2d 196).

2. Under the particular facts and circumstances of the case sub judice, the trial court did not err in charging the defense of accident. The jury was authorized to find that the collision occurred simply because Ms. Ramey was blinded by the sun and for no other reason. Thus, the jury could have concluded that the collision took place "in the *absence of negligence* and for which *no one would be liable.*" See *Chadwick v. Miller,* 169 Ga. App. 338, 339 (1), 344 (312 SE2d 835); *Reece v. Callahan,* 164 Ga. App. 131, supra.

3. The trial court did err, however, in charging the jury as follows: "[N]o person shall stop or suddenly decrease the speed of a vehicle which they are driving without first giving an appropriate signal . . . to the driver of any vehicle immediately to the rear when there is an opportunity to give such a signal. . . ." See OCGA § 40-6-123 (c). Although there was evidence that plaintiff slowed down when she approached the intersection, there was no evidence that plaintiff applied her brakes. Thus, there was no evidence that plaintiff *suddenly* decreased her speed or stopped. And there was no evidence as to whether plaintiff gave an appropriate signal by hand and arm or signal lamps. See OCGA § 40-6-124 (a). The charge could only have served to confuse the jury and consequently should not have been given under the particular facts and circumstances of the case sub judice.

4. The remaining enumeration of error pertains to an evidentiary ruling. We need not consider this enumeration because it is not likely to occur upon retrial.

*Judgment reversed. Carley, C. J., and Beasley, J., concur.*

DECIDED APRIL 10, 1989.

*Aubrey T. Villines, Jr.,* for appellant.

*Downey, Cleveland, Parker & Williams, Y. Kevin Williams,* for appellees.