A90A2151. SCONYERS v. WILLIAMS.
(402 SE2d 775)

CARLEY, Judge.

Appellant-plaintiff was a passenger in a vehicle which collided with another vehicle being driven by appellee-defendant. The colli-

sion occurred when appellee turned left at an intersection and was struck by the on-coming vehicle in which appellant was riding. Seeking to recover damages for injuries suffered in the collision, appellant brought this negligence action against appellee and the case was tried before a jury. The jury returned a verdict in favor of appellee and appellant appeals from the judgment entered thereon.

1. The trial court gave the following charge: "[A] vehicle which has entered a controlled intersection on a green light but was required to stop therein, and while so stopped in the intersection the traffic light changed, nevertheless has the right of way and is authorized to proceed across the intersection, and another vehicle which entered the intersection in this situation was required to yield to the vehicle already in the intersection." This charge states a correct principle of law. *Edwards v. Trammell*, 187 Ga. App. 22, 23 (369 SE2d 288) (1988). However, appellant enumerates the giving of this charge as error on the ground that it was not authorized under the evidence.

Contrary to appellant's contention, here, as in *Edwards v. Trammell*, supra, there was evidence that appellee *lawfully* entered the intersection on a green light, but was required to stop therein before completing her *left turn*. Compare OCGA § 40-6-205 (which prohibits a motorist from attempting to *cross* an intersection on a green light if he cannot do so without blocking the intersection). Appellant's further contention that the charge was unauthorized because appellee attempted to complete her left turn while the light remained green is without merit. Although not undisputed, there was evidence that the light *had* turned red prior to the collision and this evidence, if believed by the jury, would authorize a finding that appellee, not appellant's driver, had the right-of-way at the time of the collision. The charge may not have been adjusted to the evidence that was adduced by appellant but it was clearly authorized by the evidence that was adduced by appellee. Accordingly, this enumeration is without merit.

2. Appellate review of an allegedly impermissible comment by the trial court is precluded by appellant's failure to object. *Southeastern Ambulance Corp. v. Freeman*, 185 Ga. App. 119, 120 (3) (363 SE2d 571) (1987); *Brown v. Dept. of Transp.*, 194 Ga. App. 530 (1) (391 SE2d 32) (1990).

3. The trial court's giving of appellee's requested charge on sudden emergency is enumerated as error.

At the charge conference, appellant objected to the instruction "as having no basis in fact presented in evidence and does not apply to this case." "While not technically perfect, this language was sufficient to enable a 'reasonable' trial judge to understand that the charge was objected to on the ground that it was not adjusted to the evidence, so as to 'enabl(e) (the trial judge) to rule intelligently on (that) specific point.' [Cit.]" *Martini v. Nixon*, 185 Ga. App. 328, 329

(2) (364 SE2d 49) (1987). See also *Christiansen v. Robertson*, 237 Ga. 711 (229 SE2d 472) (1976); *Williams v. Atlanta Gas Light Co.*, 143 Ga. App. 400, 401 (2, 3) (238 SE2d 756) (1977). Appellant renewed her objection after the charge was given. Compare *Sims v. Johnson*, 185 Ga. App. 720 (365 SE2d 532) (1988). Accordingly, the issue was preserved for appellate review.

There is evidence that appellant's vehicle was approaching the intersection at an excessive rate of speed at the time appellee was turning left. However, " '[t]he defense of emergency is not available unless the evidence shows that there has been " 'a sudden peril caused by circumstances in which the defendant did not participate and which offered him a choice of conduct without time for thought so that negligence *in his choice* might be attributable not to lack of care but to lack of time to assess the situation.' " (Cits.)' [Cits.]" (Emphasis in original.) *Wallace v. Ramey*, 191 Ga. App. 293 (1) (381 SE2d 434) (1989).

Although there was evidence that, as she was turning, appellee did see appellant's vehicle speeding toward the intersection, "[n]o evidence was presented concerning the length of time which [appellee] had to assess the situation, the choices which confronted her or the ultimate choice which she made. (In fact, it would appear that [appellee] made no choice. [There is no evidence that she swerved, braked, or accelerated.]) Thus, . . . there was no evidence whatsoever that [appellee] *apprehended a danger and attempted to avoid a collision*." (Emphasis supplied.) *Wallace v. Ramey*, supra at 294 (1). There was no evidence of any " 'real choice of conduct open to [appellee] *after* [she] realized the situation which would make the doctrine of emergency applicable. . . . The real thrust of [her] argument was not that [she] made an emergency choice when confronted by a sudden danger, but rather that [she] was not negligent in any particular and the collision, as to [her], was . . . due to the negligence of [another].' [Cit.]" *Howard v. Jones*, 187 Ga. App. 756, 758-59 (2) (371 SE2d 196) (1988). It follows that the instruction was not authorized by the evidence and that it was error for the trial court to have given it over appellant's objection. Compare *Ray v. Anderson*, 189 Ga. App. 80, 81-82 (2) (374 SE2d 819) (1988).

4. Appellant's remaining enumerations concern the trial court's charge, but the record demonstrates that appellate review is foreclosed by the failure to have raised a timely objection below.

*Judgment reversed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED FEBRUARY 22, 1991.

*Edward M. Fitts & Associates, Edward M. Fitts, Denval A. Stewart*, for appellant.

*Chambers, Mabry, McClelland & Brooks, James T. Budd*, for appellee.