A94A1390. THOMAS v. STAIRS et al.
(450 SE2d 326)

RUFFIN, Judge.

Appellant, Daniel Thomas, brought this personal injury action against appellee, Keith Stairs. The jury returned a defense verdict. Thomas appealed, enumerating as error the trial court's denial of his motion for a new trial and five of the jury charges given by the court, including a charge on sudden emergency.

Stairs testified at trial that he was driving a Lincoln Town Car on a clear day in traffic at approximately 20-30 mph when he noticed a car coming up behind him at a fast rate of speed. He looked at the car for a moment and because it appeared to be approaching quickly, he looked back again one or two times. In the process, he noticed traffic in front of him had stopped very suddenly and he hit his brakes. Stairs testified that as he was slowing down, he felt that he would be able to stop in time and avoid hitting the car in front of him. However, he did hit the car, which in turn hit Thomas's car. Stairs testified unequivocally that he was responsible for causing the accident and that he had been cited and fined for following too closely.

1. We first consider Thomas's contention that the trial court erred in giving a charge on sudden emergency.

The court charged as follows: "Ladies and gentlemen, I charge you that an automobile driver who, by the negligence of another and not by his own negligence, is suddenly placed in an emergency and

compelled to act instantly to avoid a collision or injury is not guilty of negligence if he makes such choice as a person of ordinary prudence placed in such position might make, even though he did not make the wisest choice." Thomas objected to this charge by arguing that Stairs had placed himself in the position of an emergency and was therefore not entitled to this charge. "While not technically perfect, this language was sufficient to enable a 'reasonable' trial judge to understand the charge was objected to on the ground that it was not adjusted to the evidence. . . . [Cit.]" *Martini v. Nixon*, 185 Ga. App. 328, 329 (2) (364 SE2d 49) (1987).

" 'The defense of emergency is not available unless the evidence shows that there has been a sudden peril caused by circumstances in which the defendant did not participate and which offered him a choice of conduct without time for thought so that negligence *in his choice* might be attributable not to lack of care but to lack of time to assess the situation.' [Cit.]" (Emphasis in original.) *Thomas v. Shahan*, 213 Ga. App. 484, 486 (2) (444 SE2d 851) (1994). The doctrine "requires that the person confronted by the emergency have the opportunity to exercise one of several reasonable alternative courses of action. In the absence of such factors, there can be no conduct to which to apply the standard and the doctrine is inapplicable. [Cit.]" *Barlow v. Veber*, 169 Ga. App. 65, 66 (1) (311 SE2d 501) (1983).

We agree with Thomas that the evidence did not support a charge on sudden emergency. To begin with, the circumstances testified to by Stairs did not describe a true emergency with the "sudden peril" contemplated by the doctrine. Stairs had the time to look at the vehicle coming behind him two to three times before he realized traffic had slowed. Nor did Stairs seem to think the situation was particularly perilous as shown by his testimony that he thought he was going to be able to stop in time and avoid hitting the car in front of him.

Moreover, Stairs did not testify that he considered any course of conduct other than braking. "[A]pplication of the sudden emergency doctrine requires that the defendant have a choice of conduct. . . . [Cit.]" *Howard v. Jones*, 187 Ga. App. 756, 758 (2) (371 SE2d 196) (1988). The facts in *Jones* are remarkably similar to the instant case. In *Jones*, there was a three car collision and a defendant driver who was distracted by another car and then unable to avoid colliding with the car in front of him, which in turn hit the plaintiff's car. The court charged on sudden emergency and we reversed. We find here, as we did in *Jones*, that the charge was given in error because "under the evidence there was 'no real choice of conduct open to the defendant *after* he realized the situation which would make the doctrine of emergency applicable, because . . . the defendant did not contend that he had a choice between attempting to stop and attempting to (pass

on) . . . [either side].' " (Emphasis in original.) Id. at 758-759.

Accordingly, it was error for the trial court to give the sudden emergency charge. The instruction gave the defendant a defense to which he was not entitled, and the error was therefore not harmless.

2. We find Thomas's remaining enumerations of error to be without merit.

*Judgment reversed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED NOVEMBER 21, 1994.

*Clifford, Moss & Rothenberg, Robert A. Moss,* for appellant.
*Fain, Major & Wiley, Thomas E. Brennan,* for appellees.

