## A02A0013. RAYFIELD v. FARRIS.
### (558 SE2d 748)

PHIPPS, Judge.

Amy Rayfield appeals from a jury verdict entered against her in this automobile collision case. Rayfield asserts that the trial court erroneously failed to instruct the jury on the doctrine of sudden emergency. We disagree and affirm.

The evidence showed that a Chevrolet Blazer driven by Rayfield struck the rear end of a pickup truck driven by Thomas Hughes, injuring Hughes's passenger, Beulah Farris. Rayfield testified that she had been following the pickup truck for 15 to 20 minutes. Shortly before the collision, on a straight, flat section of roadway, Rayfield looked down to push a button on her radio. When she glanced up, Rayfield saw that the pickup truck and the vehicles in front of it were stopping. At that point, the pickup truck was approximately 20 to 25 feet away. Rayfield testified that she had a "sudden reaction, just slam on my brakes, that's all I could think to do." But, according to Rayfield, her brakes did not work and the Blazer hit the pickup truck. The jury returned a verdict for Farris in the amount of $30,000.

Rayfield submitted two requests to charge concerning "sudden emergency." Request to Charge No. 12, titled "Sudden Emergency; Unexplained Mechanical Defect," stated that

> anything which operates to deprive a person of ability to exercise his intellectual power and guide his acts thereby will relieve him of any imputation of negligence that otherwise might arise from his conduct. [Whether] an emergency exists or not is a question for determination by the jury. A sudden mechanical defect [of] which a person is not previously aware . . . is included in the definition of sudden emergency. It is up to you to determine whether such a sudden emergency occurred and whether the defendant exercised that degree of care as is required when a sudden emergency occurs.

Request to Charge No. 13, titled "Emergency," stated that

> [o]ne who is confronted with a sudden emergency which was not created by one's own fault, and is without sufficient time to determine accurately and with certain[t]y the best thing to be done, is not held to the same accuracy of judgment as would be required of that person if he/she had more time for deliberation. The requirement is that the person act with ordinary care under all particular facts and circumstances surrounding the situation.

The court did not give either charge, and Rayfield's counsel objected.

We find no error because neither charge was warranted by the evidence in this case.[1] The defense of sudden emergency applies only to those acts that occur immediately after the apprehension of the danger or crisis.[2] The defense is not available unless the evidence shows that the sudden peril offered the defendant a choice of conduct without time for thought, so that any negligence in the defendant's choice may be attributed to lack of time to assess the situation rather than lack of due care.[3]

> The doctrine "requires that the person confronted by the emergency have the opportunity to exercise one of several reasonable alternative courses of action. In the absence of such factors, there can be no conduct to which to apply the standard and the doctrine is inapplicable. (Cit.)"[4]

Rayfield testified that when she looked up from her radio, her car was only 20 to 25 feet behind the pickup truck and she slammed on her brakes. Then, according to Rayfield, the sudden emergency occurred — her brakes failed. There was no evidence that, in the necessarily brief period between the failure of the brakes and the collision, Rayfield had any option but to hit the pickup truck. In the absence of evidence that Rayfield had any choice during that period, the doctrine of sudden emergency did not apply, and the court did not err in failing to charge the jury on it.[5]

*Judgment affirmed. Andrews, P. J., and Mikell, J., concur.*

---

[1] See *Wadkins v. Smallwood*, 243 Ga. App. 134, 139 (5) (530 SE2d 498) (2000) ("A request to charge must embody a correct, applicable and complete statement of the law, legal and perfect in form and adjusted to the pleadings and evidence. . . .").

[2] *Lucas v. Love*, 238 Ga. App. 463, 465 (4) (a) (519 SE2d 253) (1999).

[3] *Jimenez v. Morgan Drive Away*, 238 Ga. App. 638, 641 (2) (a) (519 SE2d 722) (1999); *MARTA v. Mehretab*, 224 Ga. App. 263, 264 (1) (480 SE2d 310) (1997).

[4] *Thomas v. Stairs*, 215 Ga. App. 288, 289 (1) (450 SE2d 326) (1994).

[5] See *MARTA*, supra at 264-266.

DECIDED JANUARY 7, 2002.

*Davis & Kreitzer, John W. Davis, Jr., Steven W. Kreitzer*, for appellant.

*Coppedge & Leman, Warren N. Coppedge, Jr.*, for appellee.