[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-13007
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 16, 2010
JOHN LEY
CLERK

D.C. Docket No. 07-00163-CV-CAR-5

SHERRY MCPHERSON,

Plaintiff-Appellee,

versus

MARSHALL ROWE, JR.,
JAMES R. SMITH TRUCKING COMPANY,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(February 16, 2010)

Before BARKETT, HULL and COX, Circuit Judges.

PER CURIAM:

## I. BACKGROUND

Sherry McPherson and Marshall Rowe, Jr. were in a motor vehicle accident in

which McPherson hit the back of the truck that Rowe was driving as an employee of

James R. Smith Trucking Company. At the time of the collision, it was dark, the truck was parked in a lane of traffic, and Rowe was in the truck's sleeping berth. McPherson sued Rowe and the trucking company (collectively, "Defendants") for damages that resulted from the accident. The case went to trial in front of a jury on two theories: negligence per se and negligence. McPherson sought to prove that Rowe had been negligent and violated federal regulations and a Georgia statute by failing to use lights or reflective triangles to mark the parked truck after dark. Defendants attempted to demonstrate that McPherson had been contributorily negligent by speeding, outrunning her headlights, and using her cell phone just prior to hitting the truck.

The judge found that the uncontroverted evidence demonstrated that Rowe had violated laws governing the parking and marking of his truck. Therefore, the judge instructed the jury that Defendants were negligent but that the jury members should consider whether McPherson was contributorily negligent. (R.11 at 64-67.) The jury found McPherson 33% responsible for the accident and Defendants 67% responsible.

Defendants appeal the judgment, arguing that they received an unfair trial because the district court made numerous erroneous evidentiary rulings, directed a verdict that Defendants had been negligent, and allowed McPherson's lawyer to make

improper inflammatory statements during closing argument. Defendants seek a new trial.

## II. STANDARDS OF REVIEW

With regard to preserved challenges to the admissibility of evidence, "we review [the district court's rulings] for clear abuse of discretion." *United States v. Hunerlach*, 197 F.3d 1059, 1065 (11th Cir. 1999) (quotation omitted).

This court reviews de novo a district court's grant of a motion for judgment as a matter of law under Federal Rule of Civil Procedure 50. *Cleveland v. Home Shopping Network, Inc.*, 369 F.3d 1189, 1192 (11th Cir. 2004) (citing *Thosteson v. United States*, 331 F.3d 1294, 1298 (11th Cir. 2003)).

"The trial judge is given broad discretion in controlling counsel's arguments. Absent an abuse of discretion, the decision of the trial court, 'which has had the opportunity to hear the offensive remarks within the context of the argument and to view their effect on the jury, should not be disturbed.'" *BankAtlantic v. Blythe Eastman Paine Webber, Inc.*, 955 F.2d 1467, 1474 (11th Cir. 1992) (quoting *Allstate Ins. Co. v. James*, 845 F.2d 315, 318 (11th Cir. 1988)).

## III. DISCUSSION

A. Evidentiary Rulings

Defendants contend that the district court erred in allowing McPherson's experts Olson and Kidd to testify at trial as to information and opinions not disclosed in their expert reports produced pursuant to Federal Rule of Civil Procedure 26. Our review of the record leads us to the conclusion that, while Olson and Kidd testified regarding information not in their reports or deposition testimony, the district court did not abuse its discretion in admitting the testimony. Neither witness testified to an opinion he did not previously disclose in his report. Defendants cite as "new information" Olson's testimony describing the difference between the exemplar tractor shown in accident reconstruction photos and the actual tractor involved in the accident. But, review of Olson's deposition transcript demonstrates that Olson was not asked if there were differences between the tractors and that, in fact, he identified possible differences on his own initiative. Neither did Defendants question Kidd at deposition about the generally-accepted mathematical formula for calculating speed using the weights of two colliding objects, the subject of his testimony about which Defendants now complain. And, neither of the witnesses testified to opinions based on the "new information." Thus, it is not the type of information that Rule 26 requires an expert to include in his report. Fed. R. Civ. P. 26(a)(2)(B)(i)-(iii) (requiring that the report disclose the opinions the witness will express and the basis and reasons for them, the information considered by the witness in forming the

4

reported opinions, and the exhibits that will be used by the expert to summarize or support his opinions.)

Defendants also argue that the district court erred in excluding and withdrawing from evidence photos and a video created by Defendants' accident reconstruction expert because McPherson's objection to this evidence was untimely and because McPherson herself had already used some of the photos in her case-in-chief at the time she objected. McPherson's objection was not made at the pretrial conference, as required by the court's order. However, the pretrial order specifically stated that the court may order an exception to the general rule that objections to evidence not made at the pretrial conference are waived. (R.2-66 at 3 ("Any objections to exhibits not made at the pretrial conference shall be deemed waived, unless otherwise ordered by the court . . . .")) The court allowed and sustained the objection. And, we find no reversible error in the ruling. There were differences between the visibility of the exemplar tractor depicted in the photos and video and the tractor involved in the accident such that the district court did not abuse its discretion in finding that the evidence did not depict accurately the accident conditions and therefore did not satisfy the standards of the Federal Rules of Evidence. *See* Fed. R. Evid. 403 ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues,

or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.").

Neither do we find reversible error in the district court's rulings excluding evidence that McPherson used a private dirt road to access Frank Amerson Jr. Parkway (the road on which the accident occurred) and evidence that trucks frequently parked in the lanes of traffic on Frank Amerson Jr. Parkway. The district court did not abuse its discretion in finding this evidence too tangentially related to the circumstances of the accident to be admitted.

Finally, we find no abuse of discretion in the admission of testimony regarding Rowe's conviction for transporting an illegal alien. Federal Rule of Evidence 609 allows admission of evidence of a witness's conviction of a felony for the purpose of attacking the witness's character for truthfulness, subject to Federal Rule of Evidence 403. Fed. R. Evid. 609(a)(1). Defendants argue that the district court improperly allowed McPherson to elicit testimony from Rowe regarding his conviction because, at the time of the questioning regarding his crime, Rowe had not yet answered any questions in the case and therefore was not properly subject to impeachment. Admission of this evidence appears to have been premature. But, later Rowe did provide substantive testimony in the case. The fact that he testified put his character for truthfulness at issue. And, we find that the district court did not abuse its

6

discretion in finding that the limitation in Rule 403–that the probative value of the evidence not be substantially outweighed by the prejudice, confusion, or delay created by admission of the evidence–did not bar admission of this evidence. (R.5 at 17-18.)

B.  Negligence Per Se Ruling

Defendants admitted that Rowe pleaded guilty to violation of the Georgia statute requiring the driver of a vehicle to leave unobstructed a width of highway opposite a standing vehicle and to leave a clear view of the stopped vehicle from a distance of 200 feet in each direction upon the highway. *See* O.C.G.A. § 40-6-202. They also admitted that Rowe did not place reflective triangles behind his tractor when it became dark, as required by federal regulations.  Based upon these admitted violations of the motor vehicle code and federal regulations, the district court granted McPherson's Rule 50 motion and instructed the jury that Defendants were negligent. Defendants argued in the trial court, as they do here, that Rowe's conduct was not negligence per se because he parked the tractor legally in the daylight and his violation was unintentional in that he did not mean to sleep past dark, when he was required to post reflective triangles behind his tractor.  The district court did not err in holding that a violation of the statute need not be intentional to constitute negligence per se. *See Butgereit v. Enviro-Tech Envtl. Servs., Inc.*, 586 S.E.2d 430

(Ga. App. 2003). The case Defendants cite is not to the contrary or applicable on the facts of this case, where Rowe intentionally parked and did not mark his vehicle with reflective triangles. *Id.* at 432-33 (a defendant can rebut the presumption of negligence per se by proving that the conduct to which he pleaded guilty was unintentional and in the exercise of ordinary care.).

C. Closing argument

Defendants argue that, when considered in conjunction with the errors they argue above, McPherson's counsel's statements in closing argument that asked the jury members to put themselves in McPherson's shoes and accused Defendants of putting on a misleading defense denied Defendants a fair trial. McPherson argues that Defendants failed to object to most of the statements that they now claim prejudiced them. After reviewing the record, we conclude that McPherson is correct. Defendants objected once to one of the statements they now identify–namely, the statement that Defendants had "put up a misleading, dishonest defense or they've tried to. Gosh, we've had to fight them to get it out." (R.11 at 58.) The court did not explicitly rule on the objection, stating only that every defendant is entitled to a defense. (*Id.*) Defendants did not renew their objection to the allegedly improper comment.

To the extent that Defendants failed to object to statements they now argue were improper, those objections were waived. *Haygood v. Auto-Owners Ins. Co.*, 995 F.2d 1512, 1517 (11th Cir. 1993) (citing *Allstate*, 845 F.2d at 319 & n.4). And, we find no reversible error in the district court's handling of the objection stated at trial. On this record, we do not find that the objected-to statement was the sort of "substantial" error that would entitle Defendants to a new trial. *Id.*

For the foregoing reasons and because we do not find that the alleged errors, taken together, denied Defendants a fair trial, we affirm the judgment.

AFFIRMED.