A11A0809. SAWYER et al. v. MARJON ENTERPRISES, INC. et al.

(718 SE2d 922)

ADAMS, Judge.

Plaintiffs/appellants Rodney Sawyer, Delores Sawyer, George-anna Bozarth-Sawyer, Michael Sawyer and Raymond H. Massey (hereinafter collectively referred to as plaintiffs) were traveling on Interstate 85 near Newnan, Georgia, when the car in which they were riding was struck by a tractor-trailer rig driven by defendant/appellee Dan E. Crumpacker; the rig was owned by Crumpacker's employer, defendant/appellee Marjon Enterprises, Inc. (hereinafter collectively referred to as defendants). Plaintiffs brought suit to recover damages for the injuries they allegedly incurred during the collision, the case was ultimately tried before a jury, and a verdict was rendered in favor of the defendants. Plaintiffs filed a motion for new trial, which was denied, and then filed this appeal, asserting in two related enumerations of error, which we consider together, that the trial court erred in charging the jury on sudden emergency and that the trial court likewise erred in denying their motion for new trial in which they challenged the court's instruction to the jury.

As is pertinent here, the testimony at trial showed that the accident happened when Crumpacker lost control of his tractor-trailer rig and collided with the Mercedes in which plaintiffs were riding. It had been raining prior to the accident, and at the time of the accident the rain was moderate to heavy. Because of the rain and wet roadway, the driver of the Mercedes testified he was going between 55 and 60 miles per hour; Crumpacker testified he was going between 50 to 55 miles per hour, although the speed limit on that part of the interstate was 70 miles per hour. Crumpacker further testified that the first thing he could recall about the collision was that he felt the drive axle of his vehicle break traction with the road and slip to the right, while the front of his vehicle moved unexpectedly to the left. The officer who investigated the accident, Lieutenant John LaChance, testified that Crumpacker told him that he had hydroplaned and lost control of his vehicle. LaChance further

testified that "speed is the number one factor" that causes hydroplaning, and he noted in the accident report he prepared that Crumpacker had lost control of his vehicle "due . . . to hydroplaning from the speed." However, on cross-examination he admitted that he did not say anything about speed in the accident report, and that the contributing factors he checked on the report were the weather and that the driver (Crumpacker) lost control. Nevertheless, he also testified that "[s]peed is what caused him to hydroplane. You're not going to hydroplane unless you have speed."

Following the presentation of this evidence, the trial court charged the jury on sudden emergency as follows:

> One who is confronted with a sudden emergency that was not created by one's own fault and is without sufficient time to determine accurately and with certainty the best thing to be done, . . . is not held to the same accuracy of judgment as would be required of that person if he had had more time for deliberation.

On appeal, plaintiffs argue that the trial court erred in giving this charge, over their objection, because the testimony of Officer LaChance showed that Crumpacker contributed to the accident by driving too fast for conditions and because there was no evidence that Crumpacker, either before or after he lost control of his vehicle, was faced with several choices and took one course over another. As set forth more fully below, we agree that the charge was given in error, and therefore we must reverse the jury's verdict.

> The defense of sudden emergency applies only to those acts that occur immediately after the apprehension of the danger or crisis. The defense is not available unless the evidence shows that the sudden peril offered the defendant a choice of conduct without time for thought, so that any negligence in the defendant's choice may be attributed to lack of time to assess the situation rather than lack of due care. The doctrine requires that the person confronted by the emergency have the opportunity to exercise one of several reasonable alternative courses of action. In the absence of such factors, there can be no conduct to which to apply the standard and the doctrine is inapplicable.

(Citations and punctuation omitted.) *Rayfield v. Farris*, 253 Ga. App. 167, 168 (558 SE2d 748) (2002). And "when a question of law is at issue, as here, we owe no deference to the trial court's ruling and apply the 'plain legal error' standard of review." (Citation and

punctuation omitted.) *Butgereit v. Enviro-Tech Environmental Svcs., Inc.*, 262 Ga. App. 754, 756 (2) (586 SE2d 430) (2003).

As stated above, the evidence here showed that just before his truck collided with the plaintiffs' car, Crumpacker was confronted with two sequential dangers. First, he came upon standing water in the road, which posed a danger that his vehicle would hydroplane and he would lose control of it. Second, as he drove through the standing water, he did, in fact, hydroplane and lose control of his vehicle, which posed a danger that he would collide with another vehicle, a danger that almost instantly was realized. When the evidence shows that a claim of negligence is premised on an act or omission of the defendant that immediately followed his sudden apprehension of an imminent danger not of his own making and that the exigencies of the circumstances did not permit the defendant to fully consider, or even to consider at all, what course of action he should take to avoid the danger, a charge on the doctrine of sudden emergency is appropriate. *Holt v. Scott*, 226 Ga. App. 812, 815 (2) (487 SE2d 657) (1997). Here, however, there was no such evidence.

As to the first danger with which Crumpacker was confronted — standing water in the path of his truck — there was no evidence that Crumpacker even saw the standing water before he was upon it. Although Crumpacker admitted that he observed water "all over the road" as a result of the moderate-to-heavy rainfall that day, he testified that he did not recall going through any standing water. And although an eyewitness said that he saw Crumpacker hydroplane after driving through a "moderate, decent[-sized] puddle" of water that had collected on the roadway, there is no evidence that Crumpacker saw this "puddle" before he was in it. Accordingly, although his approach of the water standing in the roadway may have confronted Crumpacker suddenly with an imminent danger, there is no reason to think that Crumpacker knew at that time that he was confronted with such a danger. In these circumstances, a charge on the doctrine of sudden emergency was not appropriate. See *Wallace v. Ramey*, 191 Ga. App. 293, 294 (1) (381 SE2d 434) (1989).

As to the second danger with which Crumpacker was confronted — his truck hydroplaning out of control — it is clear that Crumpacker was aware almost immediately of his loss of control, but there is no reason to think that anything Crumpacker might have done at that point would have prevented the collision. There is no evidence, for instance, that Crumpacker could have regained control of his vehicle before the collision, if only he had done something more or something different after he began to hydroplane. Consequently, his failure to regain control after beginning to hydroplane cannot possibly form the basis for a finding of negligence, which necessarily requires a finding that the defendant ought to have done something

different in the circumstances in which he finds himself.[1] His failure to regain control, therefore, was not a proper basis for a charge on the doctrine of sudden emergency. See *Butgereit v. Enviro-Tech Environmental Svcs., Inc.*, 262 Ga. App. at 757 (2); *Rayfield v. Farris*, 253 Ga. App. at 168; *Thomas v. Stairs*, 215 Ga. App. 288 (450 SE2d 326) (1994); *Howard v. Jones*, 187 Ga. App. 756, 758 (2) (371 SE2d 196) (1988).

Moreover, we find the cases Crumpacker relies on to be distinguishable. In *Stephens v. Hypes*, 271 Ga. App. 863, 865 (610 SE2d 631) (2005), the defendant had swerved to avoid hitting a deer, causing her vehicle to spin out of the lane in which she was traveling and collide with the vehicle in which the plaintiff was riding. Thus, the emergency occurred when she was confronted with the deer in the roadway, and the action that she took in response to that situation was to swerve. Id. at 863. Moreover, the issue in that case was whether, as a matter of law, the defendant had participated in causing the emergency, not whether she was confronted with a situation in which she had no course of conduct. Id. at 865. And in *Willis v. Love*, 232 Ga. App. 543 (502 SE2d 487) (1998), the defendant suddenly came upon the scene of an accident and had to choose between applying her brakes, which she did, causing her to hydroplane, or to swerve to avoid the oncoming car. Thus the emergency in that case was not the hydroplaning of the vehicle, but the defendant's decision to attempt to brake and stop rather than attempting to go around the other vehicle. 232 Ga. App. at 545 (2) (a). Lastly, in *Holt v. Scott*, 226 Ga. App. at 815, the defendant did not stop in time to avoid hitting the vehicle in front of him after he observed that driver apply her brakes and abruptly stop. In the case at hand, there is no testimony that Crumpacker took any action, or that he could have taken any action to avoid the collision once his tractor-trailer rig started hydroplaning and he lost control of the vehicle. Thus the trial court erred in charging the jury on sudden emergency, and the plaintiffs are entitled to a new trial.[2]

*Judgment reversed. Barnes, P. J., and Blackwell, J., concur.*

---

[1] Although in his brief on appeal Crumpacker posits several courses of action he could have taken, it is axiomatic that argument on appeal will not suffice to supplant a lack of evidence at trial.

[2] We make no ruling on plaintiffs' additional argument that the charge was also unauthorized because the evidence showed that Crumpacker participated in causing the emergency, except to note that this was not a situation where the evidence established that defendant was negligent per se. Compare *Butgereit v. Enviro-Tech Environmental Svcs.*, 262 Ga. App. at 757 (2) (defendant's negligence per se was proven by the fact that defendant had not contested the traffic citation he received in connection with the accident).

DECIDED NOVEMBER 16, 2011.

*Michael J. Gorby*, for appellants.
*Hicks, Casey & Foster, William T. Casey, Jr., Lisa K. Whitfield*, for appellees.

