**FIFTH DIVISION
MERCIER, C. J.,
MCFADDEN, P. J., and RICKMAN, P. J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**February 4, 2025**

# In the Court of Appeals of Georgia

A24A1616. RICE v. FRANCIS et al.

MCFADDEN, Presiding Judge.

Ketra Rice sued Richard Francis and Abayneh Alene for damages allegedly sustained in a three-motor-vehicle collision, claiming that Francis and Alene had negligently caused the collision. Francis raised the sudden emergency defense. Alene did not. The trial court instructed the jury on that defense as to Francis only. The jury returned defense verdicts in favor of both defendants. We hold that the instruction on the sudden emergency defense was error because Francis was not faced with a choice of conduct. So we reverse the verdict and judgment in favor of Francis.

Rice alleged that she was driving her vehicle on an interstate highway when she had to stop suddenly for a car in front of her; that Alene was following her too closely

in his vehicle and struck her vehicle; and that Francis was following Alene too closely in his vehicle, struck the rear of Alene's vehicle, and caused Alene's vehicle to strike Rice's vehicle. Both Francis and Alene answered the complaint, with only Francis asserting the affirmative defense of sudden emergency. The case proceeded to a jury trial, during which the judge, over Rice's objections, allowed Francis to argue his sudden emergency defense to the jury and gave a jury instruction on that defense. The jury returned separate verdicts in favor of both Francis and Alene, finding separately that neither was negligent. The trial court entered judgment on the verdicts. Rice, who did not move for a new trial, appeals from that final judgment.

Rice argues that the trial court erred in instructing the jury on Francis' affirmative defense of sudden emergency. Because the evidence did not authorize such a jury instruction, the trial court erred in giving it, and the error was not harmless since it gave Francis a defense to which he was not entitled.[1] So we reverse the

---

[1] In a related argument, Rice claims that she was entitled to a directed verdict on the sudden emergency doctrine because there was no evidence supporting it. Pretermitting the question of whether a motion for directed verdict is an appropriate vehicle to obtain a ruling on the applicability of the doctrine, given our holding that the trial court's jury instruction constituted harmful error, we do not address this related argument.

judgment as to Francis. But because Rice has not raised any claim on appeal that would affect the judgment entered for Alene, we will not interfere with that judgment.

1. *Sudden emergency doctrine*

"It is well established that if a defendant is confronted with a sudden emergency without sufficient time to determine with certainty the best course to pursue, he is not held to the same accuracy of judgment as would be required of him if he had time for deliberation[.]" *Smith v. Norfolk Southern R. Co.*, 337 Ga. App. 604, 608 (1) (788 SE2d 508) (2016) (citation and punctuation omitted). "The sudden emergency defense is available where the evidence shows that there has been a sudden peril caused by circumstances in which the defendant did not participate and which offered him a choice of conduct without time for thought[.]" Id. at 609 (1) (citation and punctuation omitted). Thus, "[a]pplication of the sudden emergency doctrine requires that the defendant have a choice of conduct." *Thomas v. Stairs*, 215 Ga. App. 288, 289 (1) (450 SE2d 326) (1994) (citation and punctuation omitted). Consequently, the sudden emergency

> defense is not available unless the evidence shows that the sudden peril offered the defendant a choice of conduct without time for thought, so that any negligence in the defendant's choice may be attributed to lack of time to assess the situation rather than lack of due care. The doctrine

> requires that the person confronted by the emergency have the opportunity to exercise one of several reasonable alternative courses of action. In the absence of such factors, there can be no conduct to which to apply the standard and the doctrine is inapplicable.

*Sawyer v. Marjon Enterprises*, 312 Ga. App. 619, 620 (718 SE2d 922) (2011) (citation and punctuation omitted). See also *Rayfield v. Farris*, 253 Ga. App. 167, 168 (558 SE2d 748) (2002) ("[i]n the absence of evidence that [the defendant] had any choice [of conduct], the doctrine of sudden emergency did not apply").

In this case, there is no evidence that Francis had an opportunity to exercise one of several reasonable alternative courses of conduct prior to the collision. Rather, the evidence established that his only course of conduct was to attempt to stop his vehicle. Francis testified that because of heavy traffic in the lanes on both sides of him he "had no areas to maneuver to change lane[s]," that he "had no way to change lane[s] or move . . . over," that "it was not a reasonable choice for [him] to get over to the left or right," and that his only course of conduct was to "slam[] on his brakes" to stop his vehicle.

Indeed, Francis "did not contend that he had a choice between attempting to stop and taking some other action[.]" *Butgereit v. Enviro-Tech Environmental Svcs.*, 262 Ga. App. 754, 757 (2) (586 SE2d 430) (2003).

> In short, the real thrust of his argument was not that he made an emergency choice when confronted by a sudden danger, but rather that he was not negligent in any particular and the collision, as to him, was an accident or due to the negligence of others. Under these circumstances, we find that the charge on sudden emergency was given in error because under the evidence there was no real choice of conduct open to [Francis] after he realized the situation . . . . Accordingly, it was error for the trial court to give the sudden emergency charge.

Id. at 757-758 (2) (citations and punctuation omitted). See *Thomas*, supra at 289-290 (1) (trial court committed reversible error in giving jury instruction on sudden emergency where there was no evidence of a "real choice of conduct open to the defendant . . . because [he] did not contend that he had a choice between attempting to stop and attempting to pass on either side") (citation and punctuation omitted); *Howard v. Jones*, 187 Ga. App. 756, 758-759 (2) (371 SE2d 196) (1988) (sudden emergency defense not applicable in rear-end collision case where the evidence showed that the defendant could not have "pass[ed] on the left, and the defendant did not contend that he had a choice between attempting to stop and attempting to pass on the right") (citation and punctuation omitted). See also *Coleman v. Arvey*, 2015 U.S. Dist. LEXIS 185129 *1, 7-8 (I) (N. D. Ga. 2015) (under Georgia law, the sudden emergency doctrine did not apply where the defendant testified that he immediately hit his brakes and checked to see if he could change lanes, but traffic prevented him

from doing so, "[t]hus, the evidence establishe[d] that when confronted with the emergency, [the defendant] had no reasonable alternative course of action but to attempt to stop before colliding with [the] plaintiff's vehicle").

Francis contends that the trial court's jury charge on his defense of sudden emergency was authorized by *Smithwick v. Campbell*, 361 Ga. App. 481 (864 SE2d 662) (2021), *Maxineau v. King*, 304 Ga. App. 217 (695 SE2d 732) (2010), and *Luke v. Spicer*, 194 Ga. App. 183 (390 SE2d 267) (1990). But unlike Francis in the instant case, the defendants in those cases did not definitively testify that they had no course of conduct other than to stop. In *Smithwick*, supra at 489 (2) (b), there was "evidence that [the defendant] could have swerved onto the shoulder instead of attempting to stop." In *Maxineau*, supra at 219, the defendant testified that when a car merged in front of him, he moved to the left, despite a risk of hitting the plaintiff's truck, which "provided at least some evidence of an emergency presenting [the defendant] with alternative courses of action." And in *Luke*, supra at 184 (3), the defendant "was uncertain whether it was safe for him to change lanes[.]" While there was some evidence that the defendants in those cases considered alternative courses of action,

6

there was no such evidence in the instant case and Francis "did not testify that he considered any course of conduct other than braking." *Thomas*, supra at 289 (1).

Under these circumstances, "it was error for the trial court to give the sudden emergency [jury] charge. The instruction gave [Francis] a defense to which he was not entitled, and the error was therefore not harmless." *Butgereit*, supra at 758 (2) (citation and punctuation omitted). See also *Torres v. Tandy Corp.*, 264 Ga. App. 686, 689 (2) (592 SE2d 111) (2003) (jury charge giving sudden emergency defense to tortfeasor who was not entitled to such a defense "would be harmful error as to . . . the tortfeasor"); *Thomas*, supra at 290 (1) (erroneous jury charge on sudden emergency was not harmless). Accordingly, Rice is "entitled to a new trial [against Francis]." *Sawyer*, supra at 622.[2]

2. *Judgment for Alene*

Rice's claims regarding Francis' sudden emergency defense, and our reversal of the judgment as to Francis, do not affect the verdict and judgment entered in favor of Alene. A review of the record reveals that Alene did not assert a defense of sudden

---

[2] Given this holding, we need not "rul[e] on [Rice's] additional argument that the charge was also unauthorized because the evidence showed that [Francis] participated in causing the emergency[.]" *Sawyer*, supra at 622 n. 2.

7

emergency in his answer, that he did not request a jury instruction on sudden emergency or join in Francis' request for such an instruction, and that he made no sudden emergency argument to the jury. Likewise, Rice's closing argument did not mention the sudden emergency doctrine with regard to Alene, and instead discussed it only as a defense raised by Francis. Moreover, the trial court's jury instruction on the sudden emergency defense identified only Francis and its applicability to him, but gave no indication that it had any applicability to Alene.

"It is well settled that where several [defendants] are sued at law or in equity and a several verdict is had, a new trial as to one [defendant] will not disturb the other." *Flynn v. Mack*, 259 Ga. App. 882, 883 (578 SE2d 488) (2003) (citation and punctuation omitted). Cf. *Brissette v. Munday*, 222 Ga. 162, 164 (149 SE2d 110) (1966) (appellant "had no right to object to the verdict of the jury discharging his co-defendant, and the Court of Appeals erred in granting a new trial as to the co-defendant"); *Guthrie v. Boose*, 134 Ga. App. 282 284 (3) (213 SE2d 924) (1975) (when a plaintiff sues multiple defendants whose separate acts of negligence are alleged to have concurred in causing the plaintiff's injury, and a jury finds in favor of a defendant, the grant of a new trial as to another defendant will not affect the

defendant in whose favor a verdict was returned so as to compel him to participate in another trial). Because Rice "has not raised any claim on appeal that would affect the judgment entered for [Alene, we will not disturb it in] this appeal." *Bagnell v. Ford Motor Co.*, 297 Ga. App. 835 n. 1 (678 SE2d 489) (2009), overruled in part on other grounds, *Southern States Chem. v. Tampa Tank & Welding*, 316 Ga. 701, 712 (1) (b) (888 SE2d 553) (2023). See also *Gordon v. Johnson*, 114 Ga. App. 207 (150 SE2d 461) (1966) (in motor vehicle collision case against multiple defendants, trial court erred in requiring defendants whom jury had found in favor of to participate in new trial against other defendants).

*Judgment reversed in part. Mercier, C. J., and Rickman, P. J., concur.*